UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Elvin Mercado,
       Petitioner,

vs.                               Case No. 1:02CR10259-PBS

United States of America,
       Respondent.

MEMORANDUM IN SUPPORT OF THE PETITIONER'S §2255

NOW COMES THE PETITIONER, Elvin Mercado, # 24448-038, acting Pro-Se in order to humbly request leave of this Honorable Court to submit this short memorandum in support of his Title 28 U.S.C.§ 2255.

The Petitioner outlines the following in support of this motion:

I.                       FACTS OF THE CASE

On July 22nd, 2003, the Petitioner was sentenced for distributing ten (10¼) and a fourth grams of heroin to an undercover informant.

The United States District Court sentenced the Petitioner to one-hundred and eighty-eight months of incarceration (188 months) based on two prior state convictions. The Petitioner was deemed a "career criminal."

Neither the sentence, nor the conviction was "challenged" by defense counsel and the Petitioner began his sentence.

On June 24th, 2004, the United States Supreme Court issued a landmark case entitled, Blakely vs. Washington, # 02-1632, which placed in jeopardy any and all enhancements given to defendants.

-1-

The Petitioner's sentence occurred well after the 2000 Supreme Court decision of <u>Apprendi vs. New Jersey</u>, 530 U.S. 466, 488, 492, and the Petitioner should "reap" the benefits of the recent <u>Blakely</u> decision that followed, a case which further "expounds upon" <u>Apprendi</u>.

II.  THE PETITIONER WAS ENHANCED TO "CAREER OFFENDER" FOR A PRIOR "UNCONSTITUTIONAL CONVICTION" THAT IS UNDER REVIEW

In the instant case, the Petitioner was enhanced as being a "career offender" due to prior state convictions which are currently being "challenged" in the Lowell District Court in Massachusetts.

In fact, in 1994, the Petitioner was convicted of two drug possession charges in the Lowell District Court. Both of these prior convictions were actually "one."

These prior cases, numbers 9411CR2750 and 9411CR2855 actually were the "very same crime," yet, at sentencing they were counted as two different crimes. The reasons for such action was simple, each charge occurred on different days, these different dates made this "drug dealing charge" as being two separate offenses.

The Petitioner has "challenged" these prior convictions under the newest Supreme Court cases, and is "confident" that these cases will either be vacated, or simply consolidated as being "one" which would entitled the Petitioner to relief in this Honorable Court. <u>See</u>: Exhibit A, prior state conviction challenge.

Lastly, Petitioner's prior counsel was "ineffective" for not adequately appealing this "viable" issue on direct appeal, in fact, a viable challenge would have entitled the Petitioner to an actual base offense level of sixteen, for a sentence of twenty-four to thirty months.

-2-

III.   PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL
       FROM HIS TRIAL ATTORNEY

Before the Petitioner was sentenced in the instant case, the original plea agreement by the Government called for a level thirty-two at criminal history category six.

After the pre-sentencing report was made, the United States Probation Department called for a level 34 at criminal history category six. This "change" was neither adequately contested, nor was it directly appealed by trial counsel.

In fact, a viable argument for "diminished capacity" or even a downward departure for "not adequately reflecting the seriousness of crime," Under §5K2.0 of the United States Sentencing Guidelines the district Court could have departed from the "career offender" sentence because the "case involved factors which in addition to those identified were ---- not been given adequate consideration by the sentencing commission."

Moreover, the newest Supreme Court case of <u>Blakely vs. Washington</u>, case no. 02-1632, decided on June 24th, 2004, places "all of the <u>enhancements</u> under the current sentencing guidelines" into question demanding further review by this Honorable Court.

Most importantly, the Petitioner was sentenced well after the <u>Apprendi</u> decision of 2000, and should also benefit from the recent <u>Blakely</u> decision, due in large part because the <u>Blakely</u> decision greatly expounds upon the earlier <u>Apprendi</u> decision.

At no time during the plea hearing, nor the sentencing hearing did trial counsel "attempt" to obtain a "departure" for any reason. The Petitioner faced a very serious and harsh sentence and was entitled to a "diligent defender" to insure that he received the least amount

-3-

of incarceration, anything less was ineffective assistance of counsel.

## IV. TRIAL ATTORNEY PROMISED BOTH THE PETITIONER AND HIS PARENTS THAT THE MAXIMUM PENALTY WOULD BE ONLY FIVE YEARS

In the instant case, trial attorney Mr. Steven Rappaport promised a maximum sentence of "five years" for a quick and timely plea of guilty from the Petitioner.

In fact, had the Petitioner been adequately "apprised of the actual consequences," and sentence involved, he would have proceeded to trial.

Moreover, with the newest <u>Blakely</u> decision, the Petitioner's accusers would have had to "present each and every fact and element to a trial jury, and proved it beyond a reasonable doubt." The Petitioner pled both unknowingly to the charges and actual sentence that he faced, and this misunderstanding made it involuntary as well.

Lastly, this "deception" forced the Petitioner to abandon any and all efforts of "fighting his case" and to forego trial. The Petitioner simply could "not pass-up this proposed light sentence," and ultimately pleaded guilty. Trial counsel's duty was to adequately inform the Petitioner of his consequences of pleading guilty or taking his case to trial, and the "lies" of receiving a lighter sentence for pleading guilty undermined that duty and obligation.

## V.            CONCLUSION

WHEREFORE, for all the reasons outlined within, the §2255 motion, exhibits, and the record, this Petitioner requests an evidentiary hearing in the instant case in the interest of justice.

Sincerely submitted,

*Elvin Mercado* (signature)

July 9th, 2004

Elvin Mercado, # 24448-038

FMC Devens, P.O. Box 879,

Ayer, Massachusetts   01432

Commonwealth of Massachusetts

Middlesex, ss.                                LOWELL DISTRICT COURT
                                              CRIM. NO.  9411CR2750
                                                         9411CR2855


Commonwealth of Massachusetts,
        Respondent,

vs.

Elving Mercado,
        Defendant.


### RENEWED MOTION TO DISMISS OR SET ASIDE PRIOR CONVICTION BASED UPON UNCONSTITUTIONAL ENTRY OF GUILTY PLEA OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

Now Comes the Defendant, Elving Mercado, # 24448-038, acting Pro-Se in the above numbered action, and hereby moves this Honorable Court for an order pursuant to Rule 30 of the Massachusetts Rules of Criminal Procedure either dismissing or setting aside his prior conviction of possession of a Class B substance with intent to distribute, or in the alternative, granting a new trial in the above action.

This motion is made on the grounds that the above outlined prior conviction is Constitutionally invalid and must be set aside in the interest of justice. The newest Commonwealth of Massachusetts case of Commonwealth vs. Grabiel Colon, 439 Mass. 519 (2003), and the newest United States Supreme Court case of Blakely vs.

Washington, case no. 02-1632, decided June 24th, 2004, greatly affects this prior conviction and whether this prior conviction passes "Constitutional muster" under the Sixth Amendment.

1. Prior counsel failed in explaining the elements of the offense or consequences of the Defendant's plea which included any collateral consequences of pleading guilty. <u>See</u>: Commonwealth vs. Colon, 439 Mass. 519 (2003).

2. In the Defendant's prior conviction, the charges that were initiated by the Commonwealth are "fatally flawed" under the United States Supreme Court ruling of Apprendi vs. New Jersey, 530 U.S. 466, 488-492 (2000), whereas, neither the amount, nor the quantity of the drugs were <u>specifically</u> outlined. This is important because under the newest Supreme Court ruling of Blakely vs. Washington, case no. 02-1632, decided on June 24th, 2004, requires that a Court either submit the important <u>facts</u> to a jury in order for it to be proved beyond a reasonable doubt, or that a Defendant <u>admit</u> to these essential facts. In the instant prior conviction neither was done in violation of the Sixth Amendment. <u>See</u>: Disposition sheet with docket entries.

3. Rule 12 of the Massachusetts Rules of Criminal Procedure which is predicated on Boykin vs. Alabama, 395 U.S. 238 (1969), and its Massachusetts progeny, sets forth the procedure for entering and accepting a guilty plea, in the Defendant's prior conviction, this rule was not followed rendering the "guilty plea" both flawed and Unconstitutional.

II. **FACTS AND TRAVELS OF THE CASE**

On or about May 24th, 1994, the Defendant appeared in the Lowell District Court and pled guilty to two complaints. The first of which, case number 9411CR2750, charged the Defendant with (4)

crimes: possession of a Class A substance with intent to distribute; possession of a Class B substance with intent to distribute and two violations of a controlled substance act within a school zone. These charges <u>failed</u> to include any drug amounts, or quantity.

The second complaint, 9411CR2855, charged the Defendant with three additional crimes: possession of a Class B substance with intent to distribute; possession of a Class A substance with intent to distribute and a violation of the controlled substance act within a school zone. Both of these charges were part of the same "crime spree and drug activity over a few days period," but both were charged as being separate crimes occurring on different dates.

As a result of these guilty pleas, the Defendant was committed to the House of Correction for a term of two and one-half years (2½).

At the time of both pleas the Defendant was seventeen (17) years old, had previously dropped out of high school, was addicted to heroin and carried an <u>amount</u> of the drug daily for his personal use.

The Defendant was also "suffering from severe mental health issues" and in November of 1989, the Defendant was committed for two-months for in-patient mental health treatment at the Greater Lawrence Mental Health Center.

The Defendant had previously challenged both of the instant prior convictions with this Honorable Court on two prior occasions to no avail. After the newest United States Supreme Court decision of <u>Blakely vs. Washington</u>, # 02-1632, decided June 24th, 2004, the Defendant decided to proceed again. This motion follows.

III.                **ARGUMENT IN SUPPORT OF THIS MOTION**

The Defendant is presently serving a lengthy federal sentence

-3-

at FMC Devens located in Ayer, Massachusetts due in large part because the "two prior state convictions" which are in reality one, was "improperly counted" as two separate offenses.

In the federal system, these "two offenses" together with his instant federal offense made the Defendant a "career criminal" and subjected him to a fifteen to life sentence.

In fact, had these two prior state convictions been counted as one, the Defendant would be now serving less than five (5) years in federal prison instead of fifteen (15) years.

A.  IN THE INSTANT PRIOR CONVICTION, THE DEFENDANT STANDS CONVICTED OF POSSESSION WITH INTENT TO DISTRIBUTE BOTH A CLASS A AND CLASS B SUBSTANCE, BOTH OF THESE CRIMES REQUIRES PROOF OF SPECIFIC INTENT WHICH WAS NOT DONE

In the Defendant's prior conviction, the district court was required to both outline and prove a specific intent, this actual intent would need an amount or quantity. The court would also have to evaluate how much of the "seized substance" was for sale and what was for "personal use."

Remembering, that the Defendant was a "heroin addict" with a very severe drug habit, he would most likely be in possession of "large quantities of the drug" in order to stay health and fit.

On June 6, 2003, the Massachusetts Supreme Judicial Court in the case of Commonwealth vs. Grabiel Colon, 439 Mass. 519 (2003), rendered a decision that further scrutinized all prior guilty pleas.

The Supreme Judicial Court held the following for all prior guilty plea challenges:

> "...A Defendant disputing the validity of his plea of guilty to certain criminal charges was entitled to a new trial, where... the Defendant submitted sufficient credible and reliable

-4-

...evidence to rebut presumption that the prior conviction was valid, in that the plea judge had failed to ascertain whether Defendant's plea was given knowingly and voluntarily..."
See: Colon, 439 Mass. at 519 (2003).

In the Defendant's prior offense, all the crimes charged requires proof of specific intent, this is silent by the existing court records.

The intentional branch of the elements for such offenses require an intentional and knowing possession of an illegal Class A and Class B substance, and that the Commonwealth must prove beyond a reasonable doubt both the exact amount charged and that the proof must reveal actual acts of distribution, and simply not possession for "personal use," which involves a series of events and transactions that conclusively shows distribution.
See: Commonwealth vs. Ford, 709 (1997).

Moreover, since the United States Supreme Court case of Apprendi vs. New Jersey, 530 U.S. 466, 488-492 (2000), all charges and indictment-like charges, and the contents of such has dramatically changed. The most important aspect is the "elements of the offense of the charged offenses."

In Apprendi, the Supreme Court held that, " any fact or element of the offense charged must be specifically outlined in either the indictment or formal charges, must be submitted to a jury and proved beyond a reasonable doubt." In the Defendant's instant case, neither the Court, nor defense counsel explained each and every element of the offenses charged.

Most importantly, neither defense counsel, nor the district court explained the "real collateral consequences" of the Defendant pleading guilty to the charged offenses. One-one explained that these charges

-5-

were to be written as "two separate crimes," and that it could be used in the future to enhance the Defendant, if he was convicted of any future criminal activity.

B. RULE 12 OF THE MASSACHUSETTS RULES OF CRIMINAL PROCEDURE WERE NOT FOLLOWED AND THE CONVICTION IS SUSPECT

RULE 12 of the Massachusetts Rules of Criminal Procedure which is predicated on <u>Boykin vs. Alabama</u>, 395 U.S. 238 (1969), and its Massachusetts progeny sets forth the procedure for entering and accepting a guilty plea.

<u>See</u>: Commonwealth vs. Duquette, 386 Mass. 834, 845-47 (1982).

The said section states in pertinent part;

"(c) <u>Guilty Plea Procedures</u>. After being informed that the defendant intends to plead guilty or nolo contendere...

(3) <u>Notice of Consequences of Plea</u>. The judge <u>shall</u> inform the defendant or permit defense counsel under the direction of the judge, to inform the defendant, on record, in open court;

(A) where appropriate, of the maximum possible sentence on the charge, including that possible from consecutive sentences; <u>of any different or additional punishment based upon second offense</u> or sexually dangerous persons provisions of the General Laws, if applicable; and of the mandatory minimum sentence, if any, on the charge..."

Attached hereto are copies of the court disposition and docket sheets concerning the two offenses to which Mr. Mercado pled. What is abundantly clear from a review of the said docket sheet is that the requirements of Rule 12 and the Constitutional requirements set forth in <u>Boykin</u> were not even remotely met.

<u>See</u>: Disposition sheet with docket entries, Exhibit A.

-6-

Rule 12 and the Boykin vs. Alabama, 395 U.S. 238 (1969) decision, and its progeny specifically require the court to make an inquiry of whether the defendant is aware of the nature of the charges and the very consequences of the offense, this includes both direct and collateral consequences. This is specifically outlined in Rule 12:

"...Additional punishment based upon a second offense..."

In addition, the record itself also fails to disclose that the respective court inquired whether the elements of the offense had been explained to the defendant by his counsel or even the court itself.

The plea record must demonstrate either that the defendant was advised of the elements of the offense or that he admitted facts constituting the unexplained elements.
See: Commonwealth vs. Lopez, 426 Mass. 657, 660 (1998); citing Henderson vs. Morgan, 426 U.S. 637, 49 L.Ed.2d 108 (1976).

The ultimate question is whether the record, considered in light of the discretion given judges dealing with Rule 30(b) motions, indicates that denial of defendant's motion was "manifestly unjust." See: Commonwealth vs. Moore, 408 Mass. 117, 125 (1999).

C.   THE UNITED STATES SUPREME COURT'S MOST RECENT DECISION OF
     BLAKELY vs. WASHINGTON, CASE NO. 02-1632, DECIDED ON JUNE
         24TH, 2004, APPLIES TO THE INSTANT CASE

The Defendant's motion "gained more weight" due in large part because of the Supreme Court's latest ruling. This landmark case of Blakely vs. Washington, # 02-1632, challenges "most" state sentencing schemes, and greatly expounds upon the 2000 decision of

Apprendi vs. New Jersey, 530 U.S. 466, 488-92. In fact, the Defendant has utilized this Apprendi decision and its very principles earlier in this pleading.

The prior pleadings which were submitted by the Defendant to this Honorable Court "marginally" lacked merit and were appealing to this Court's "mercy" more than caselaw.

This particular pleading has both "weight and caselaw" in support of it, warranting further review by this Honorable Court.

Moreover, the recent Blakely decision would serve as a case of "first impression" concerning the Defendant's prior instant case, and it is imperative that this Honorable Court address the merits of such a claim for future pleadings.

D.  THE DEFENDANT AT LEAST DESERVES THIS COURT'S REGARDS WITH GETTING THIS COURT TO CONSOLIDATE BOTH PRIOR STATE CONVICTIONS INTO ONE, IN THE SPIRIT OF FUNDAMENTAL FAIRNESS

In the case of the Defendant, he is suffering the "severe collateral consequences" of these crimes which have "wrongly been construed as two separate charges." The Defendant is serving a Draconian sentence, and simply requests that this Honorable Court "order both prior cases to be consolidated as one" in hopes of receiving a future prison-time "cut" from his current federal imprisonment.

The Defendant has advanced a both legitimate and meritorious claim against his prior state conviction and is entitled to relief. A sentence of fifteen-years and eight-months is a "harsh penalty" for dealing a mere (10) ten grams of heroin, and today's federal system offers no "parole or alternative sentencing," the Defendant has already paid for his past indiscretions, and did accept responsibility for

the prior state convictions by pleading guilty and going to prison.

## CONCLUSION

WHEREFORE, for all the reasons outlined above and in the interest of justice, this Honorable Court should grant this motion, or in the alternative, consolidate both prior state convictions as "one" case "nunc pro tunc."

July 9th, 2004

Sincerely submitted,

*Elving Mercado 07-8-04*

Elving Mercado, # 24448-038

FMC Devens, P.O. Box 879,

Ayer, Massachusetts    01432

## CERTIFICATE OF SERVICE

I, Elving Mercado, # 24448-038, hereby certifies that a true copy of the foregoing was mailed on the above date to Middlesex District Attorney's Office located in Cambridge, Massachusetts 02141.