UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                          )
            v.            )
                          )          Criminal No. 02-CR-10259 PBS
ELVIN MERCADO             )
    Defendant             )

## GOVERNMENT'S OPPOSITION TO PETITION UNDER 28 U.S.C. § 2255 AND REQUEST FOR SUMMARY DISMISSAL

On April 14, 2003, Elvin Mercado ("Mercado" or the "defendant"), pursuant to a plea agreement with the United States, pled guilty to: (i) conspiring to possess with intent to distribute and to distribute heroin; and, (ii) and nine substantive counts of distributing heroin.

Mercado was sentenced July 22, 2003. There were two disputed issues at sentencing: (1) defendant disputed that he should be held accountable for 100 grams or more of heroin (as alleged in Count One of the Indictment and as found by the United States Probation Office in the Presentence Investigative Report (the "PSR"); and (2) the defendant argued that his criminal history category significantly over-represented the seriousness of his criminal history (based on his two prior drug trafficking convictions, the PSR concluded that the defendant qualified as a career offender under U.S.S.G. §4B1.1).

The Court held a two-day sentencing hearing. Special Agent Mark Karangekis of the FBI testified on behalf of the government. After the first day of the sentencing hearing, the government

conceded that the defendant should not be held accountable for 100 grams or more of heroin.  The Court rejected the defendant's argument that his criminal history category significantly over-represented the seriousness of his criminal history.  In reaching this conclusion, the Court considered and rejected arguments made by Mercado's trial counsel that the defendant's criminal history category significantly over-represented the seriousness of his criminal history because the two prior drug trafficking convictions occurred three days apart in 1994.  See Defendant's Sentencing Memorandum attached as Exhibit 1.

The Court concluded that, as a career offender with two prior drug trafficking convictions, Mercado's Base Offense Level under U.S.S.G. §4B1.1 was 34 and his Criminal History Category was VI.  With three levels off for acceptance of responsibility, Mercado's Adjusted Offense Level was 31, leading to a guideline sentencing range of 188-235 months.  The Court sentenced Mercado to the low end of the guideline range -- 188 months.

Mercado now seeks relief under 28 U.S.C. § 2255.  His petition ("the Petition") appears to make three related claims. The first claim is essentially the same claim that he made at sentencing -- that the Court should not have considered him a career offender under the sentencing guidelines.  His second, related, argument is that his lawyer improperly failed to make this argument in the underlying case and this supposed failure

2

(which is contradicted by the record) amounts to ineffective assistance of counsel. Finally, the defendant also argues ineffective assistance of counsel based on a litany of things that he claims his trial lawyer should have done. Because these arguments were either raised in the original proceeding, and/or completely lack merit, the Petition does not raise a cognizable claim for relief and should therefore be summarily dismissed.

## I. LEGAL STANDARDS

### A. Habeas Review Under 28 U.S.C. § 2255

Section 2255, Title 28, United States Code, provides a means for collateral attack on the sentence under which a federal prisoner is confined. United States v. Haymen, 342 U.S. 205 (1952). The law is "well-settled" that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). "A presumption of finality attaches to criminal convictions once all direct appeals have been exhausted." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). See also Barefoot v. Estelle, 463 U.S. 880, 887 (1983). "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Id. at 167-68.

3

In order for relief to lie under §2255, the claimed error must be jurisdictional, constitutional, "a fundamental defect which inherently results in a complete miscarriage of justice", or "an omission inconsistent with the rudimentary demands of fair procedure." United States v. Addonozio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962). Simply put, "post conviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton, 26 F.3d at 236; See also Brecht v. Abrahamson, 507 U.S. 619, 634-634 (1993).

## B.  Relitigation of issues under 28 U.S.C. § 2255

A fundamental component of collateral review under 28 U.S.C. § 2255 is that it does not permit a convicted person from relitigating issues that were already raised at trial or sentencing. A defendant is barred from relitigating issues previously raised in his case. See, e.g., Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993); Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991)(issues resolved by a prior appeal will not be reviewed again by a motion pursuant to 28 U.S.C.  2255 motion) . A petitioner cannot escape this bar merely by recasting claims in different nomenclature. Tracy, 739 F.2d at 682. See also Field v. Mans, 157 F.3d 35, 40 (1st Cir. 1998)("law of the case" is prudential principle that "precludes relitigation of the legal issues presented in successive stages

4

of a single case once those issues have been decided").

A criminal defendant is also not entitled to relitigate issues that *could have been raised* on direct appeal, but were not, absent a showing of cause excusing the default and actual prejudice resulting from the error of which he complains. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Suveges v. United States, 7 F.3d 6, 10 (1st Cir.1993) (holding that a party must show cause and prejudice to raise an objection not argued on direct appeal in a § 2255 motion). In this case, there was no direct appeal. Hence, for claims that could have been raised on direct appeal, but were not, Mercado bears the burden of showing cause and prejudice to avoid summary dismissal.

### C.  Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy the right . . . to have assistance of counsel for his defense." U.S. Const. Amend. VI. "It has long been recognized that the right to counsel is the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). However, the United States Supreme Court has held that "judicial scrutiny of counsel's performance must be highly deferential." Strickland v. Washington, 466 U.S. 668, 689 (1984). Therefore, courts must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689.

5

The standard employed for determining the merits of ineffective assistance claims is whether the assistance of defense counsel was reasonably competent, i.e., whether the quality of defense counsel's representation was within the range of competence expected of attorneys in criminal cases.  United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir. 1978).  Effective representation does not mean errorless representation and "a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally-deficient representation under the reasonably competent assistance standard."  Bosch, 584 F.2d at 1121.  See also United States v. Thomann, 609 F.2d 560, 566 (1st Cir. 1979); United States v. Garcia, 698 F.2d 31, 35 (1st Cir. 1983).  Moreover, even deficient representation is legally insignificant unless accompanied by actual prejudice. United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) ("petitioner must establish both constitutionally deficient performance on his attorney's part and concomitant prejudice").

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the 6th Amendment.  Second, the defendant must show that counsel's errors were so serious as to deprive the

6

defendant of a fair trial, a trial whose result is
reliable.

A §2255 petitioner must demonstrate ineffective assistance of

counsel, as well as an entitlement to §2255 relief, by a

preponderance of the evidence. <u>Lema v. United States</u>, 987 F.2d

48, 51 (1st Cir. 1993); <u>Barrett v. United States</u>, 965 F.2d 1184,

1186 (1st Cir. 1992).

## II.  **THE PETITION FAILS TO STATE A COGNIZABLE CLAIM FOR RELIEF UNDER 28 U.S.C. § 2255 AND SHOULD BE SUMMARILY DISMISSED**

The First Circuit has explained the circumstances under

which summary dismissal of a Section 2255 motion is appropriate:

> Summary dismissal of a §2255 petition is appropriate if
> it plainly appears from the face of the motion that the
> movant is not entitled to relief.  Rule 4(b) of the
> Rules Governing §2255 Proceedings.  While genuine
> issues of material fact may not be resolved without a
> hearing, a hearing is not required where a habeas
> motion (1) is inadequate on its face, or (2) although
> facially adequate, is conclusively refuted as to the
> alleged facts by the files and the records of the case.
> . . . The court must take the allegations contained in
> the petitioner's motion as true, except to the extent
> that they are contradicted by the record or are
> inherently incredible, and to the extent that they are
> merely conclusions rather than statements of fact.

<u>Carey v. United States</u>, 50 F.3d 1097, 1098 (1st Cir. 1995)

(citations and quotation marks omitted).  In making a preliminary

assessment of the merits of a Section 2255 motion, the district

court is also entitled to rely upon an "'expanded record that may

include, "in an appropriate case, even affidavits."'"  <u>Id</u>.

(citations omitted); <u>see also</u> <u>McGill</u>, 11 F.3d 223 at 225. ("In

most situations, motions can be 'heard' effectively on the

papers, with the parties submitting evidentiary proffers by means of affidavits, documentary exhibits, and the like."). The burden is ultimately upon the petitioner to establish both the need for an evidentiary hearing, and his entitlement to the relief he seeks. Id. See also David v. United States 134 F.3d 470, 478 (1st Cir. 1998) (even if not conclusively belied by the record, $2255 petitions based on vague, conclusory or incredible claims may be summarily dismissed). Where a petition: "(1) is inadequate on its face; or, (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case," DiCarlo, 575 F.2d at 954, summary dismissal is appropriate. Moreover, "even a section 2255 petition predicated on specific assertions of fact allegedly supported in the record may be dismissed summarily by the district court," Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992), provided "the district court can . . . 'test' the . . . allegations by assuming arguendo their truth, and then assessing their sufficiency in light of the relevant constitutional standards and the record." Id., quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974); see also United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984).

Application of these principles here demonstrates that Mercado's Petition should be summarily dismissed. Mercado's first claim -- that he should not have been sentenced as a career

8

offender -- was made to this Court at sentencing and therefore
cannot be relitigated here.  The Presentence Investigative Report
in this case (the "PSR") found that Mercado was a career offender
under the United States Sentencing Guidelines.  Prior to the
defendant's sentencing, his counsel submitted Defendant's Motion
for Imposition of Sentence Below the Applicable Guidelines and
Sentencing Memorandum ("Deft's Sentencing Memo."), a copy of
which is attached hereto as Exhibit 1.  In that motion, defense
counsel argued for a downward departure, pursuant to U.S.S.G. s.
4A1.3, on the grounds that his criminal history significantly
over-represented the seriousness of his criminal history.
Defense counsel argued that the defendant two prior drug
trafficking convictions "involved conduct occurring only three
days apart, in 1994, when the Defendant was a 17 year old heroin
addicted 10th grade dropout of Lawrence High School where he was
a Special Education Student with a history of mental health
issues."  Deft's Sentencing Memo. P.2.

In its sentencing memorandum, the government argued at
length that Mercado's criminal history category does not
significantly over-represent the seriousness of his criminal
history.  Government's Sentencing Memorandum pp. 7-11 (attached
hereto as Exhibit 2).  This issue was argued by the parties
during the two-day sentencing hearing.  The Court found that
Mercado was a career offender and that his criminal history

category does not significantly over-represent the seriousness of his criminal history. Having already raised this issue once, Mercado is not permitted to reltigate it under the guise of a Section 2255 Petition.

In his Petition, Mercado references the Supreme Court's recent decision in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) in support of his argument that he should not be considered a career offender. In <u>United States v. Stearns</u>, 03-2340 (1st Cir. Nov. 1, 2004), the First Circuit recently held that, because a defendant failed to raise a Sixth Amendment challenge to a district court's enhancement of his sentence based on prior convictions, the issue was forfeited for purposes of appeal. <u>Stearns</u>, 03-2340 at 4.[1]

Mercado has likewise forfeited the <u>Blakely</u> claim by failing to raise a Sixth Amendment challenge to the Court using the fact of his prior convictions to find him to be a career offender. As in <u>Stearns</u>, the forfeited claim is reviewed only for "plain error" -- error that is plain and affects the defendant's substantial rights. <u>Id.</u> at 5. As noted in <u>Stearns</u>, even then, the First Circuit "will determine whether to exercise its discretion to notice a forfeited error only where it seriously

---

[1] <u>Stearns</u> is analogous to this case in that it involved a defendant who was found by the district court to be an armed career criminal under the federal sentencing guidelines because of his prior convictions.

10

affected the fairness, integrity, or public reputation of the trial process." Id. at 5.

The Stearns Court easily rejected the challenge under this rubric. As in Stearns, the only "findings of fact which could have conceivably triggered the Blakely holding in the instant case" are (i) whether the defendant was the person convicted of the two 1994 heroin distribution convictions and (ii) whether the two heroin distribution convictions constituted career offender predicates (i.e., felony drug trafficking offenses). Cf. id. at 5.

As in Stearns, Mercado did not dispute at sentencing that he was the person convicted of the two heroin distribution charges and did not dispute that they are career offender predicates. Cf. id. at 5. In any case, the Stearns Court squarely held that Blakely does not apply to prior convictions. "Moreover, had he posed such a dispute, the Blakely decision does not encompass sentencing enhancements based upon 'the fact of prior conviction,' which is not the type of circumstance which the Sixth Amendment mandates be determined by a jury, rather than the sentencing court." Id. at 6.[2]

---

[2] Since Blakely was announced, numerous courts have addressed the use of prior convictions during sentencing and have consistently held that a sentencing judge may take prior convictions into consideration when determining a sentence. See, e.g., United States v. Moorer, 2004 WL 2086055, *4 (2004) (reasoning that Blakely applied only to factual determinations and that the defendant's status as a career offender was "purely

11

Mercado also argues that it was ineffective assistance of counsel for his attorney not to appeal this "viable" issue (i.e., the career offender issue) on direct appeal. Deft's Sentencing Memo. at 2. Since the First Circuit has squarely held that this is not a viable issue, it was obviously not ineffective assistance of counsel for defense counsel not to raise it on direct appeal.

Finally, Mercado also argues points to a variety of issues that he claims support a finding of ineffective assistance of counsel. None of these issues has merit. The government will

---

a matter of law under the Sentencing Guidelines"); United States v. Marseille, 377 F.3d 1249, 1256 n. 14 (11th Cir.2004) ("We have reviewed Blakely and conclude that it is inapposite . . . . [T]hough the district court found that Marseille had prior convictions, Blakely does not take such fact-finding out of the hands of the courts."); United States v. Quintana-Quintana, 2004 WL 2047358, *1 (9th Cir. 2004)(holding that Blakely does not change the prior conviction exception carved out in Apprendi); United States v. Sanders, 377 F.3d 845, 847 n. 3 (8th Cir.2004) ("While the Court [in Blakely] declared unconstitutional any increase in penalty beyond the prescribed statutory maximum based on facts not submitted to a jury and proved beyond a reasonable doubt, the Court expressly exempted 'the fact of prior conviction.'"); United States v. Cooper, 375 F.3d 1041, 1052 n. 3 (10th Cir.2004) (describing Blakely as "reaffirming" Apprendi's exception for the fact of a prior conviction); United States v. Rodriquez, 2004 WL 2034850, *1 (N.D. Ill. 2004) ("[T]he factor that set the Sentencing Guideline §4B1.1(A)'s career offender provision -- and in that regard Blakely (like the Apprendi case that preceded it) expressly teaches that a defendant's prior criminal history (the fact that triggered career offender status for [the defendant]) does not have to be submitted to a jury for determination."); United States v. Byrd, 2004 WL 1618832, *2 (W.D. Tex. 2004) (Blakely decision did not preclude the court from finding that defendant was a career offender for sentencing purposes).

address them seriatem.  Mercado argues that defense counsel did not contest the discrepancy between the agreed upon base offense level in the plea agreement (level 32) and that found in the PSR (level 34).  Petition at 3.  In fact, defense counsel specifically challenged this issue in his sentencing memorandum, and during the sentencing hearing, arguing that the Court should depart downward from 34 to 32 based on the parties' plea agreement.  Deft's Sentencing Memo. at 3-4.[3]

Next, Mercado argues that "[a]t no time during the plea hearing, nor the sentencing hearing did trial counsel 'attempt' to obtain a 'departure' for any reason."  Petition at 3.  This is false.  As previously noted, and as shown in the Deft's Sentencing Memo., trial counsel sought a departure based on the defendant's criminal history category significantly over-representing his criminal history and also sought a departure based on the plea agreement in which the parties agreed that the base offense level was 32.  Deft's Sentencing Memo.

Moreover, trial counsel successfully argued, in his sentencing memorandum, and during the sentencing hearing, that the government could not establish by a preponderance of the evidence that the conspiracy involved at least 100 grams of

---

[3] In its sentencing memorandum, the government addressed the discrepancy between the plea agreement and the finding in the PSR and stated that the government stands by its plea agreement. Govt's Sentencing Memo. at 13.  At sentencing, the Court agreed with the PSR's calculation of the applicable base offense level.

13

heroin. During the two day sentencing hearing, the government abandoned its position that the conspiracy involved 100 grams or more. This was a significant victory for the defendant. Had the government been able to prove that the conspiracy involved at least 100 grams of heroin, the defendant's base offense level would have been 37 (as noted in the PSR) and his adjusted offense level with acceptance would have been 34 instead of 31. His guideline range would have therefore been 262-327 instead of 188-235 and he would have presumably been sentenced to 262 months (21.8 years) instead of 188 months (15.6 years).

Finally, the defendant alleges that his trial counsel promised him that his maximum sentence would be five years if he pled. Petition at 4. The record flatly contradicts this assertion. The defendant signed a plea agreement which clearly stated the maximum penalties and his base offense level. A copy of the plea agreement is attached as Exhibit 3. Moreover, the transcript of the change of plea hearing shows that this is simply untrue. A copy of the transcript of the April 14, 2003 change of plea hearing is attached as Exhibit 4 ("Rule 11 Hearing").

The Court was comprehensive and careful during the Rule 11 Hearing. The Court confirmed first that the defendant had read and understood the plea agreement and confirmed that no one had made any representations to the defendant about what the Court's

14

sentence would be.  Rule 11 Hearing at 7.  The Court and the
defendant then engaged in the following exchange:

> THE COURT: Has anyone made any promises or threats to you to
> get you to plead guilty?
>
> THE DEFENDANT: No.

Rule 11 Hearing at 8.

The Court then asked counsel for the government to state the
potential penalties.  Counsel for the government explained that,
if the Court found that the conspiracy involved at least 100
grams of heroin, the defendant faced a maximum term of
imprisonment of life and a mandatory minimum of 10 years in
prison.  Rule 11 Hearing at 8.  Counsel for the government
further explained that, if the Court found that the conspiracy
involved less than 100 grams of heroin, then the defendant faced
a maximum of 30 years in prison, and also explained that the
defendant faced a maximum of 10 years in prison on each of the
substantive counts.  Rule 11 Hearing at 8-9, 13.  Counsel for the
government next explained the impact of the career offender
provision on the defendant's guideline offense level.  Rule 11
Hearing at 12.

Finally, the Court again confirmed that the defendant
understood full well that the Court was not required to follow
the plea agreement and that the Court had ultimate authority over
what sentence the defendant would receive.

15

THE COURT:  Do you understand that I'm not required to follow the plea agreement?  I mentioned that earlier.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And I will send this down to the Probation Department, which will make a recommendation under the Sentencing Guidelines as to what your sentence should be. Do you understand that?

THE DEFENDANT:  Yes.

THE COURT: And we'll hold a hearing at that point, and I'll impose a sentence after I hear your attorney's arguments and the government's argument.  Do you understand that?

THE DEFENDANT: Yes.

Rule 11 Hearing at 16.

For all the foregoing reasons, the defendant's Petition should be summarily dismissed.

If the Court is not inclined to deny the Petition without an evidentiary hearing, the government respectfully requests that the Court schedule a hearing and authorize the government to subpoena Steven Rappaport, defendant's trial counsel, to testify in order to confirm or deny Mercado's claim that his trial counsel promised him a sentence of five years.[4]  Mercado's claim

---

[4]  The Government is requesting permission to issue the subpoena in light of Massachusetts Supreme Judicial Court Rule 3:08, PF 15("PF 15"), which provides in pertinent part:

It is unprofessional conduct for a prosecutor to subpoena an attorney to a grand jury without prior judicial approval in circumstances where the prosecutor seeks to compel the attorney/witness to provide evidence concerning a person who is represented by the attorney/witness.

waives the attorney-client privilege.[5]  If the Court is not

inclined to deny the Petition on the pleadings, a subpoena to Mr.

Rappaport is entirely appropriate.

_____

[5] When a client claims his attorney gave him deficient legal
advice, the attorney-client privilege is waived for those
conversations.  As the Eighth Circuit stated:

> A client has a privilege to keep his conversations with his
> attorney confidential, but that privilege is waived when a
> client attacks his  attorney's competence in giving legal
> advice, puts in issue that advice and ascribes a course of
> action to his attorney that raises the specter of
> ineffectiveness or incompetence.... Surely a client is not
> free to make various allegations of misconduct and
> incompetence while the attorney's lips are sealed by
> invocation of the attorney-client privilege.  Such an
> incongruous result would be inconsistent with the object and
> purpose of the attorney-client privilege and a patent
> perversion of the rule.  When a client calls into public
> question the competence of his attorney, the privilege is
> waived.

Tashby v. United States, 504 F.2d 332, 336 (8th Cir. 1974), cert.
denied, 419 U.S. 1125 (1975).  Accord, Greater Newburyport
Clamshell Alliance v. Public Service Co., 838 F.2d 13, 19 (1st
Cir. 1988) ("The sixth amendment provides a shield for the
attorney-client privilege only in criminal proceedings; upon the
termination of those proceedings and initiation of a civil action
putting the privilege at issue, that constitutional protection
ends.").

### III.  CONCLUSION

Based on the foregoing, the government respectfully requests that the Petition be summarily denied.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    UNITED STATES ATTORNEY

By:

                    PETER K. LEVITT, ESQ.
                    Assistant U.S. Attorney
                    One Courthouse Way
                    Boston, MA
                    (617) 748-3355

18

## CERTIFICATE OF SERVICE

I, Peter K. Levitt, do hereby certify that I have this 4th day of November, 2004, served the foregoing by mail to Elvin Mercado, pro se, No. 2448-038, FMC Devens, PO Box 879, Ayer, MA 01432.

PETER K. LEVITT
ASSISTANT UNITED STATES ATTORNEY

19