UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELVIN MERCADO,<br><br>           Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | Civil No. 04-11653-PBS |

## MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

### INTRODUCTION

On December 7, 2005, Petitioner Elving Mercado filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on the basis that he was deprived of effective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution. This supplemental memorandum provides further support for the petition. Mr. Mercado's prior counsel was constitutionally ineffective and deprived him of (1) a knowing and voluntary guilty plea and (2) a direct appeal of his sentence. For relief, Mr. Mercado requests that the Court allow him to withdraw his guilty plea or, in the alternative, to be resentenced.

## **STATEMENT OF FACTS**

On September 12, 2002, a federal grand jury indicted Mr. Mercado on twelve counts relating to the sale of heroin. Presentence Report ("PSR") ¶ 1, attached hereto as Ex. A. Mr. Mercado was arrested the next day, September 13, 2002. PSR, ¶ 2.

After his arrest, Melissa Cotto, Mr. Mercado's girlfriend and mother of his daughter, retained Steven J. Rappaport ("prior counsel"). Affidavit of Melissa Cotto ("M. Cotto Aff.") ¶ 6, attached hereto as Ex. B. From the start of the representation, prior counsel assured Mr. Mercado that he would receive a maximum sentence of five years in prison. Prior counsel first assured Mr. Mercado that he had reached an agreement with the government, whereby it would recommend a maximum sentence of five years if Mr. Mercado pleaded guilty and cooperated, in December 2002 or January 2003, during one of prior counsel's first visits to MCI Plymouth, where Mr. Mercado was incarcerated at the time. Affidavit of Elving Mercado ¶ 3 ("Mercado Aff."), attached hereto as Ex. C. Prior counsel's assurances regarding the five-year deal he had reached with the government continued leading up to Mr. Mercado's Rule 11 hearing on April 14, 2003. *Id.*, ¶ 4.

Prior to pleading guilty, in an effort to cooperate, Mr. Mercado met with prior counsel, Assistant U.S. Attorney Peter Levitt, FBI Special Agent Mark Karangekis, and another FBI agent to discuss his previous criminal activity and his ability to assist the government in investigating and prosecuting other matters. *Id.*, ¶ 5. The meeting lasted approximately an hour and one-half. *Id.* Immediately after this meeting, Mr. Mercado met with prior counsel alone for approximately two minutes to "discuss" and sign the plea agreement that the U.S. Attorney's office had proposed. *Id.*, ¶ 6. Prior counsel did not explain the contents of the plea agreement to Mr. Mercado at any level, give him an opinion of probable outcomes, or advise him of the

2

strengths and weaknesses of available alternatives. *Id.* Though Mr. Mercado had never read the plea agreement, and prior counsel had not discussed it in any detail with him during this meeting or at any earlier time, prior counsel strongly encouraged Mr. Mercado to sign the plea agreement. *Id.* Prior counsel assured him that everything would turn out "like [they had talked] about," which Mr. Mercado understood to mean that he would be sentenced to a maximum sentence of five years based upon prior counsel's agreement with the U.S. Attorney's office. *Id.*

Accordingly, Mr. Mercado pleaded guilty to counts 1, 2, 3, 5 through 10, and 12 based upon prior counsel's assurances regarding the potential length of Mr. Mercado's sentence. Rule 11 Hearing Transcript ("Rule 11 Transcript"), pp. 19-24, attached hereto as Ex. D; Mercado Aff., ¶ 13. The Court accepted Mr. Mercado's guilty plea. Rule 11 Transcript, p. 27.

During the Rule 11 hearing, Mr. Mercado twice expressed his understanding that the Court did not have to follow the plea agreement. Rule 11 Transcript, pp. 7, 16. Mr. Mercado, however, thought this was merely a formality, as prior counsel had never suggested the possibility that Mr. Mercado's sentence would be longer than five years. Mercado Aff., ¶ 7. During the Rule 11 hearing, Mr. Mercado also confirmed that no one had promised him anything in exchange for his guilty plea. Rule 11 Transcript, p. 8. Again, he thought this was a perfunctory exercise. Mercado Aff., ¶ 8. Moreover, he thought that divulging prior counsel's assurances regarding the five-year deal that prior counsel had negotiated with the U.S. Attorney's office would put the deal at risk. *Id.*

After the hearing, prior counsel mailed Mr. Mercado a copy of the plea agreement. Mercado Aff., ¶ 9. Mr. Mercado read the agreement and did his best to understand it, but given his limited education and mental health history, he was unable to grasp the agreement's full import. *Id.*

3

The next time Mr. Mercado saw prior counsel was July 21, 2003, the first day of the sentencing hearing. Mercado Aff., ¶ 10. Before the hearing began, Mr. Mercado expressed his concern that, based upon what he had learned on his own about the contents and meaning of the plea agreement, his sentence under the plea agreement might be significantly longer than the five years that prior counsel had indicated. *Id.* Mr. Mercado also expressed his concern that, according to the plea agreement, he had agreed to waive his right to appeal. *Id.* Prior counsel brushed aside his concerns and again told him not to worry. *Id.*

Prior counsel made the same assurances regarding a five-year maximum sentence to Mr. Mercado's mother (Lourdes Schmidt), stepfather (Luis Cotto), girlfriend (Melissa Cotto), and sister (Jeannette Meran) on July 21, 2003, after the conclusion of the first day of the sentencing hearing. Affidavit of Luis Cotto ("L. Cotto Aff.") ¶¶ 4-6, attached hereto as Ex. E; M. Cotto Aff., ¶¶ 8-10.

In light of prior counsel's frequent and consistent assurances that Mr. Mercado would receive a maximum sentence of five years, Mr. Mercado was not aware of the possibility of a longer sentence at the time that he pleaded guilty or during his sentencing. Mercado Aff., ¶ 12. Mr. Mercado pleaded guilty based upon prior counsel's assurances that he would be sentenced to a maximum time of only five years in light of the government's agreement to recommend such a sentence to the Court. Mercado Aff., ¶ 13. He would not have pleaded guilty had he known before his sentencing hearing that, by doing so, he faced a sentence of fifteen years or more. *Id.*

Immediately after the sentencing hearing concluded, prior counsel met with Mr. Mercado. Mercado Aff., ¶ 14. Mr. Mercado expressed his surprise and dismay that the Court had sentenced him to longer than five years. *Id.* He also expressed to prior counsel his desire to appeal his sentence and to exhaust all other available remedies. Prior counsel

4

nevertheless failed to pursue an appeal. *Id.* Moreover, he did not advise Mr. Mercado, at that time or at any other time, that he had only ten days in which to file a notice of appeal. *Id.* To the contrary, prior counsel told both Mr. Mercado and Mr. Mercado's father that he had one year in which to "appeal" his sentence. *Id*; L. Cotto Aff., ¶ 5.

Notably, prior counsel also explained to Mr. Mercado that he could file an appeal on the ground of ineffective assistance of counsel based upon prior counsel's failure to explain "a lot of things" to Mr. Mercado throughout the case. Mercado Aff., ¶ 14. Prior counsel told Mr. Mercado that he would explain what he meant if Mr. Mercado called him from prison. *Id.* Approximately three months later, Mr. Mercado called prior counsel from FMC Devens and asked him what he meant on July 22, 2003, when prior counsel had said that he had failed to explain "a lot of things" throughout the case. Mercado Aff., ¶ 15. Prior counsel acknowledged during this phone call that, immediately following the sentencing, he had, in fact, recommended that Mr. Mercado file an ineffective assistance of counsel appeal based upon prior counsel's failure to explain certain things, including the potential length of Mr. Mercado's sentence. *Id.* Prior counsel told Mr. Mercado that he would look through his file and that Mr. Mercado should call him back in one month. *Id.*

Approximately one month later, Mr. Mercado called prior counsel and inquired about his earlier suggestion that Mr. Mercado file an ineffective assistance of counsel appeal based upon prior counsel's failure to explain "a lot of things" to Mr. Mercado before he pleaded guilty. Mercado Aff., ¶ 16. Prior counsel, however, contradicted his previous statements and claimed that there was nothing that he had not explained to Mr. Mercado. *Id.*

Mr. Mercado has diligently tried to obtain the tapes of these telephone conversations. Mercado Aff., ¶ 17. The tapes would reveal that prior counsel acknowledged recommending that

Mr. Mercado file an ineffective assistance of counsel claim based upon his failure to explain "a lot of things" to Mr. Mercado. *Id.* On February 28, 2005, and March 21, 2005, Mr. Mercado filed pro se motions with the Court to obtain the tapes. On March 25, 2005, the Court granted Mr. Mercado's second motion and ordered the government to "ask the prison to provide a copy of any tapes of these communications." Electronic Court Order dated March 25, 2005. Having waited nearly three months with no response from the government, Mr. Mercado filed a third pro se motion asking for a temporary restraining order or a preliminary injunction to prevent FMC Devens from destroying the tapes. "Brief in Support of Plaintiff's Motion Temporary Restraining Order and/or Preliminary Injunction," attached hereto as Ex. F.[1] More than six months later, on October 21, 2005, the government faxed Mr. Mercado's court-appointed counsel a letter stating that FMC Devens had destroyed the tapes pursuant to its six-month retention policy. Letters from FMC Devens to Peter Levitt, dated October 19, 2005, attached hereto as Ex. G.

While Mr. Mercado's efforts to obtain the tapes of his conversations failed, they are important nonetheless. Mr. Mercado's mere effort to get the tapes vouches for his credibility. Mr. Mercado would not have filed three motions to get the tapes — indeed, he would not even have thought of the idea — had prior counsel not conceded to him in those conversations that he had failed to provide effective assistance of counsel.

---

[1] Though Mr. Mercado mailed his June 22, 2005 motion to the Court via certified mail, it was never formally entered; Ex. F includes the related U.S. Postal Service Certified Mail Receipt, which shows that the Clerk of the Court received the motion, or at least that someone signed for it.

**ARGUMENT**

The Court should grant Mr. Mercado's Petition to Vacate, Set Aside, or Correct Sentence, as his prior counsel's ineffective assistance deprived him of a knowing and voluntary guilty plea and prevented Mr. Mercado from appealing his sentence.

I.  **MR. MERCADO'S GUILTY PLEA WAS NOT VOLUNTARY OR KNOWING.**

To challenge the constitutionality of his guilty plea on the ground of prior ineffective assistance, Mr. Mercado must show, by only a preponderance of the evidence, that (1) counsel's assistance "fell below an objective standard of reasonableness," and (2) it is reasonably probable that Mr. Mercado would not have pleaded guilty but for the ineffective assistance. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (adopting the two-part *Strickland* standard for ineffective assistance claims in the context of guilty pleas); *Myatt v. United States*, 875 F.2d 8, 11 (1st Cir. 1989) (petitioner has burden to demonstrate ineffective assistance by a preponderance of the evidence).

A.  **Prior Counsel's Assistance Fell Below An Objective Standard of Reasonableness.**

Prior counsel's assurances regarding the five-year deal that he had negotiated with the government were objectively unreasonable. Throughout the proceedings, and certainly before Mr. Mercado entered his guilty plea on April 14, 2003, prior counsel repeatedly told Mr. Mercado that the government had agreed to recommend a maximum sentence of five years. Mercado Aff., ¶¶ 3, 4, and 6. While nothing from the record indicates that Mr. Mercado's maximum exposure could have been only five years, it is certainly plausible that prior counsel and the government expected to settle upon a cooperation agreement that, under § 5k1.1 of the Sentencing Guidelines, would have permitted a sentence of five years. Nonetheless, the plea

agreement contemplated a minimum sentence of 151 months, and there are rarely if ever any guarantees that the government will file a 5K1.1 motion. Thus, even if the government had indicated that a 5K1.1 motion was likely, prior counsel's assurances to Mr. Mercado that he would receive a maximum sentence of five years were decidedly and objectively unreasonable.

Though receiving a sentence greater than expected by a defendant or predicted by counsel is not a cognizable ground for an ineffective assistance claim, *Knight v. United States*, 37 F.3d 769, 775 (1st Cir. 1994); *Calabrese v. United States*, 507 F.2d 259, 260 (1st Cir. 1974), prior counsel's consistent and frequent assurances went beyond mere prediction and rose to the level of a guarantee or promise. Moreover, prior counsel conveyed to Mr. Mercado that he had negotiated a deal whereby the government would agree to recommend a five-year sentence. Even if the government never made such a promise, prior counsel acted objectively unreasonably when he conveyed the government's supposed promise to Mr. Mercado. More likely, there were conversations with the government regarding a possible 5K1.1 motion that would have reduced Mr. Mercado's sentence dramatically. But regardless of the actual substance of the discussions with the government, counsel improperly conveyed to Mr. Mercado an assurance that his sentence would be five years.

The First Circuit affirmed a district court's vacatur of a petitioner's guilty plea and sentence on nearly identical grounds in *McAleney v. United States*, 539 F.2d 282 (1st Cir. 1976). In *McAleney*, the petitioner's attorney advised his client that the government had promised to recommend a three-year sentence. *Id.* at 284. It was unimportant that the government never made such a promise. *Id.* The *McAleney* court reasoned that "when an attorney makes a significant representation of fact to his client, such as of a promise by the Assistant United States Attorney and the terms of that promise, the client is entitled to believe him." *Id.* at 286. Indeed,

there is "a duty on attorneys to make sure whenever participating in plea bargaining proceedings . . . that any information they convey to their client is accurate and complete and that they understand what the applicable law and rules are." *Id.* at 286-87.

Even though there is no evidence here that the government promised to recommend a five-year sentence, prior counsel conveyed such a promise to Mr. Mercado. As in *McAleney*, such a misguided promise rendered prior counsel's assistance objectively unreasonable. *Id.*; *see also United States v. Pallotta*, 433 F.2d 594, 595 (1st Cir. 1970) ("Even if no 'working agreement' [with the government] existed in fact, the voluntariness of defendant's guilty plea would be seriously in question if it was induced by representations by court-appointed counsel that such an agreement was in effect.").

### 1. The Rule 11 Hearing And Plea Agreement Did Not Cure Prior Counsel's Ineffective Assistance.

The government may note that Mr. Mercado stated during his Rule 11 hearing that he understood that the Court did not have to follow the plea agreement and that no one had promised him anything in exchange for his guilty plea. Rule 11 Transcript, pp. 7, 8, and 16. Mr. Mercado, however, understood the Rule 11 hearing to be a formality. *See U.S. v. Henderson*, 565 F.2d 1119, 1123 (9th Cir. 1977) (acknowledging "the possibility that the defendant may consider" a judge's warnings at a plea colloquy to be "ritual incantations, not to be taken seriously"). Mr. Mercado also feared that divulging the assurances that counsel had made regarding the five-year deal would put the deal at risk. Mercado Aff., ¶ 8; *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) (credible reasons for departing from statements made at plea hearing can overcome presumption that statements were truthful).

9

Similarly, even though the plea agreement discusses Mr. Mercado's maximum sentence and base offense level under the Sentencing Guidelines, prior counsel never explained the contents of the plea agreement to Mr. Mercado and urged him to sign it. Plea Agreement, pp. 2-3, attached hereto as Ex. H; Mercado Aff., ¶ 6. Moreover, before Mr. Mercado signed the plea agreement, prior counsel assured him that everything would turn out "like [they had talked] about," which Mr. Mercado understood to mean that he would be sentenced to a maximum sentence of five years based upon prior counsel's agreement with the U.S. Attorney's office. Mercado Aff., ¶ 6. Finally, when Mr. Mercado questioned prior counsel about the plea agreement before the sentencing hearing, prior counsel brushed aside his concerns and again told him not to worry. Mercado Aff., ¶ 10. *See United States v. Colon-Torres*, 382 F.3d 76, 87-88, 91 (1st Cir. 2004) (last-minute signing of plea agreement and attorney's failure to explain plea agreement are indicia of ineffective assistance with respect to guilty plea); *see also Jones v. Murray*, 947 F.2d 1106, 1110-11 (4th Cir. 1991) (counsel has a duty to outline the terms of plea offer, give an opinion of probable outcomes, advise the defendant of the strengths and weaknesses of available alternatives, and allow the defendant to make a choice to accept or reject the plea agreement); *Purdy v. U.S.*, 208 F.3d 41, 45 (2d. Cir. 2000) (same). Given the circumstances, Mr. Mercado's statements during the Rule 11 hearing and in the plea agreement should not trump the compelling evidence establishing prior counsel's ineffective assistance.

2. **The Government's Spoliation Of Evidence Entitles Mr. Mercado To A Presumption In His Favor.**

During the phone conversations between Mr. Mercado and prior counsel while Mr. Mercado was incarcerated at FMC Devens, prior counsel admitted that he had failed to explain to Mr. Mercado the potential length of his sentence. In light of his failure, prior counsel

10

recommended that Mr. Mercado file an ineffective assistance claim. Mercado Aff., ¶ 17. The tape recordings of these conversations would have provided additional evidence that prior counsel's assistance was objectively unreasonable. Unfortunately, the government destroyed this evidence pursuant to its six-month retention policy. Letters from FMC Devens to Peter Levitt, dated October 19, 2005. The Court should not allow the government's destruction of the tapes to defeat Mr. Mercado's claim. Rather, the Court should presume that prior counsel in fact admitted that he did not explain the potential length of Mr. Mercado's sentence before Mr. Mercado pleaded guilty or at any other time. *Cf. Kippenhan v. Chaulk Services, Inc.*, 428 Mass. 124, 128 (Mass. 1998) ("[T]he trier of fact may draw an inference from the intentional spoliation of evidence that the destroyed evidence would have been unfavorable to the spoliator."); *Sacramona v. Bridgestone/Firestone, Inc.*, 106 F.3d 444, 447 (1st Cir. 1997) (even absent bad faith, if evidence is destroyed through carelessness and the other side is prejudiced, a court may impose sanctions).[2]

### B.  Prior Counsel's Ineffective Assistance Caused Mr. Mercado To Plead Guilty.

Prior counsel's ineffective assistance caused Mr. Mercado to plead guilty. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Mr. Mercado's testimony establishes that he "would not have pleaded guilty if [he] had known before [his] sentencing hearing that by doing so [he] faced a sentence of approximately fifteen years," Mercado Aff., ¶ 13, and that he "pleaded guilty based upon [his] understanding that [he] would be sentenced to a maximum time of only five years."

---

[2] In any event, Mr. Mercado's repeated attempts to obtain the tapes support his testimony that prior counsel had, in fact, conceded his failings to Mr. Mercado. Mr. Mercado would not have requested the tapes if he did not believe them to contain admissions by his prior counsel. Notably, Mr. Mercado was not familiar with the government's retention policy and, therefore, could not have known that the tapes had already been destroyed. Thus, the government cannot be heard to argue that Mr. Mercado's repeated attempts to obtain the tapes was anything less than a genuine effort to collect helpful, supporting evidence.

11

*Id.* Indeed, Mr. Mercado was not unreasonable in believing that prior counsel had obtained a five-year deal. Mr. Mercado, of course, was "entitled to believe [his attorney]." *McAleney*, 539 F.2d at 286. Equally important, Mr. Mercado had been sentenced to only two and one-half years for two similar drug convictions nearly a decade earlier. PSR, ¶¶ 111-13. It was fair for him to assume a similar, albeit slightly longer, sentence of five years was the penalty.

Because Mr. Mercado's guilty plea was involuntary and unknowing due to prior counsel's ineffective assistance and because Mr. Mercado would not have pleaded guilty had he known that he could be sentenced to more than 15 years, Mr. Mercado respectfully requests that the Court allow him to withdraw his guilty plea, or, in the alternative, resentence him. *Cf. United States v. Gordon*, 156 F.3d at 381 (disparity between counsel's description of sentence exposure and actual sentence "provides sufficient objective evidence — when combined with a petitioner's statement concerning his intentions — to support a finding of prejudice under Strickland").

## II. MR. MERCADO IS ENTITLED TO APPEAL HIS SENTENCE

Mr. Mercado is entitled to appeal his sentence both because prior counsel's ineffective assistance denied him his right to appeal, and because Mr. Mercado did not knowingly and voluntarily agree to waive his appellate rights pursuant to the plea agreement.

### A. Prior Counsel Failed to Pursue an Appeal

The Supreme Court "has long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). And when ineffective counsel deprives a defendant of an appeal that the defendant otherwise would have taken, "the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. The entitlement to an appeal does not even require a "showing from the defendant of the

merits of his underlying claims." *Id.*; *Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to a new appeal without showing that his appeal would likely have had merit." (citation omitted)). Indeed, the Supreme Court has "rejected any requirement that the would-be appellant specify the points he would raise were his right to appeal reinstated." *Flores-Ortega*, 528 U.S. at 485 (quotation marks and citation omitted).

Here, Mr. Mercado was denied the opportunity to pursue an appeal. In addition to failing to file a notice of appeal pursuant to Mr. Mercado's explicit request, prior counsel affirmatively misled Mr. Mercado regarding the deadline to file an appeal. Mercado Aff., ¶ 14. Upon the conclusion of Mr. Mercado's sentencing hearing on July 22, 2003, Mr. Mercado informed counsel that he wanted to appeal his sentence and to exhaust all other available remedies. *Id.* Counsel nevertheless failed to file a notice of appeal on Mr. Mercado's behalf. *Id.* Moreover, counsel did not advise Mr. Mercado, at that time or at any other time, that he had only ten days to file a notice of appeal under Fed. R. App. P. 4(b)(1)(A). *Id.* To the contrary, prior counsel told Mr. Mercado that he had one year in which to "appeal" his sentence on ineffective assistance grounds. *Id.*; *see Flores-Ortega*, 528 U.S. at 480 ("Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal."). Based on the energy with which Mr. Mercado, acting *pro se*, has collaterally attacked his sentence, it is fairly easy to infer that, as Mr. Mercado has stated, he asked prior

counsel to file a notice of appeal on his behalf. Prior counsel's failure to pursue Mr. Mercado's appeal amounts to constitutional error.[3] *Peguero*, 526 U.S. at 28.

### B. Mr. Mercado Did Not Voluntarily And Knowingly Waive His Right To Appeal.

Though Mr. Mercado's plea agreement contained a provision waiving his right to appeal, such "waiver" was not valid, as it was neither voluntary nor knowing. Plea Agreement, pp. 5-6; *see U.S. v. Teeter*, 257 F.3d 14, 21 (1st Cir. 2001) (presentence appellate rights waiver provision must be voluntary and knowing). As discussed above, prior counsel never discussed the plea agreement with Mr. Mercado at any level before Mr. Mercado signed it. Mercado Aff., ¶ 6. Thus, the Court should not credit the provision regarding waiver in the plea agreement. Moreover, when Mr. Mercado expressed his opposition to the plea agreement's right to appeal waiver provision before his sentencing hearing, counsel brushed Mr. Mercado's concerns aside. *Id.* at 10; *Chudry v. U.S.*, 2005 WL 1115363, *2 (S.D.N.Y. May 10, 2005) (ineffective assistance of counsel in entering the plea agreement may cast doubt on the validity of waiver of appellate rights).

Finally, this Court never confirmed Mr. Mercado's understanding that he had agreed to waive his right to appeal. *See United States v. De-La-Cruz Castro*, 299 F.3d 5, 10 (1st Cir. 2002) (in deciding whether to enforce a presentence waiver of appellate rights, the First Circuit "determine[s] whether the district court questioned the defendant specifically about [his]

---

[3] Prior counsel also was ineffective in that he failed to appeal the denial of Mr. Mercado's motion to vacate his prior state court conviction. Mr. Mercado has two prior convictions in state district court, both of which were entered days apart. Prior counsel submitted a strong argument to set aside those convictions. The state district court (Jarasitis, J.), however, summarily denied the motion. Given the strength of the arguments in support of vacating the prior convictions and the critical nature of the prior convictions to Mr. Mercado's present sentence, prior counsel should have appealed. His failure to do so is a further instance of the ineffective assistance of counsel warranting relief in this case.

14

understanding of the waiver provision and adequately informed [him] of its ramifications" (quotation marks and alterations omitted)). In fact, the Court affirmatively told Mr. Mercado on the second day of sentencing, "Mr. Elvin Mercado, the Court hereby notifies you of your right to appeal the sentence." Sentencing Hearing Transcript, Day Two, p. 2-122, attached hereto as Ex. I.

Because prior counsel failed to pursue an appeal on Mr. Mercado's behalf, and because Mr. Mercado did not voluntarily and knowingly waive his right to appeal, the Court should grant Mr. Mercado appropriate relief.

### III. MR. MERCADO'S MOTION AND SUPPORTING AFFIDAVITS WARRANT AN EVIDENTIARY HEARING

If the Court cannot rule in Mr. Mercado's favor based solely upon his motion and attached affidavits, Mr. Mercado should be granted an evidentiary hearing. Section 2255 provides that a petitioner is entitled to an evidentiary hearing on his motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255 (1982). Indeed, the standard for denying an evidentiary hearing is an "exacting" one. *Bender v. United States*, 387 F.2d 628, 630 (1st Cir. 1967) (remanding for evidentiary hearing because allegedly ineffective counsel's affidavits could not conclusively disprove petitioner's allegations of counsel's out-of-court misrepresentations).

Here, Mr. Mercado should, at least, be granted an evidentiary hearing, because his sworn testimony establishes that he would not have pleaded guilty or waived his right to appeal but for the ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 63 (1985) (White, J., and Stevens, J., concurring); *U.S. v. Valenciano*, 495 F.2d 585, 587 (3d. Cir. 1974) (evidentiary hearing ordinarily necessary where voluntariness of plea is attacked with assertion that

defendant's counsel made an out-of-court arrangement which differs from that pronounced by the court). Moreover, Mr. Mercado's testimony specifies the time and location of prior counsel's out-of-court representations regarding the five-year deal he supposedly negotiated with the government, and the sworn testimony of Mr. Mercado's stepfather and ex-girlfriend corroborates Mr. Mercado's testimony regarding prior counsel's representations. *See Hernandez-Hernandez v. United States*, 904 F.2d 758, 762 (1st Cir. 1990) (remanding for evidentiary hearing because allegation that counsel had told defendant that he would receive a ten-year sentence if he pleaded guilty specified the date and time of the out-of-court misrepresentation as well as the length of sentence to be served and because family members' affidavits corroborated defendant's allegation).[4]

---

[4] *See also United States v. Pallotta*, 433 F.2d 594, 595-596 (1st Cir. 1970) (remanding for evidentiary hearing because "[h]earings are often required even when the officials involved or the witnesses have presented affidavits directly contradicting petitioners' allegations" and "[g]iven the specificity of defendant's allegations . . . at a minimum the testimony of one or both witnesses should be heard").

16

## CONCLUSION

For the foregoing reasons, Mr. Mercado respectfully requests that the Court allow his petition to withdraw his guilty plea or, in the alternative, that the Court resentence him. At the least, Mr. Mercado should be allowed to pursue the appeal that he was improperly denied.

                                        Respectfully submitted,

LIBA/1653434.2

                                        **/s/ Roberto M. Braceras**
                                        Roberto M. Braceras (BBO# 566816)
                                        GOODWIN PROCTER LLP
                                        Exchange Place
                                        Boston, MA 02109-2881
                                        (617) 570-1000

Dated: December 7, 2005