UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| | ) | |
| v. | ) | 04-11653-PBS |
| | ) | |
| ELVIN MERCADO, | ) | |
| Petitioner. | ) | |

UNITED STATES' OPPOSITION TO AMENDED PETITION
FILED PURSUANT TO 28 U.S.C. § 2255

The United States of America, by its attorney, Michael J. Sullivan, U.S. Attorney hereby opposes the amended motion of petitioner Elvin Mercado ("Mercado") made pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence.

**FACTUAL BACKGROUND**

On September 12, 2002, an indictment was returned, charging Mercado with conspiracy to distribute heroin, in violation of 21 U.S.C. §846 (Count 1) and distribution of heroin, in violation of 21 U.S.C. §841 (Counts 2-12).[1] Mercado entered into a written plea agreement, which provided that Mercado would plead guilty to Counts 1-3, 5-10, and 12. In paragraph 6 of his plea agreement, which was entitled "Waiver of Rights to Appeal and to Bring Collateral Challenge," Mercado acknowledged that he was aware of his right to appeal and to collaterally challenge his conviction and sentence.

---

[1] Mercado was also charged with aiding and abetting, in violation of 18 U.S.C. §2, in Counts 5 and 10.

-1-

Plea Agreement ¶6.  The plea agreement went on to expressly waive
those rights, stating:

> [Mercado] knowingly and voluntarily waives his
> right to appeal or collaterally challenge:
>
> (1) [his] guilty plea and any aspect of [his]
> conviction, including, but not limited to, any
> rulings on pretrial suppression motions or any
> other pretrial dispositions of motions and
> issues; and,
>
> (2) The adoption by the District Court of any
> of the positions found in paragraph 3[2] which
> will be advocated by the U.S. Attorney with
> regard to offense conduct, adjustments and/or
> criminal history under the U.S. Sentencing
> Guidelines or application of minimum mandatory
> sentences.

Plea Agreement ¶6.  This plea agreement was signed by Mercado and
his then-counsel, Steven Rappaport.  Plea Agreement at 12.  As set
forth in the paragraphs just before their signatures, by their
signatures, both Mercado and his counsel acknowledged that Mercado
had discussed the terms of the plea agreement with counsel.  _Id_.
The plea agreement was filed with the Court on April 14, 2003.

On April 14, 2003, Mercado pled guilty to Counts Counts 1-3,
5-10, and 12.  In response to the Court's questioning, Mercado
stated that he had read and signed the plea agreement and had
reviewed it with his attorney.  Rule 11 Tr. 5, 7.  The Court stated
"[T]o the extent that I impose a sentence that's harsher than the

---

[2]  Paragraph 3 of the plea agreement set forth the positions
the parties would take at sentencing concerning base and adjusted
offense level under the sentencing guidelines

-2-

plea agreement, you have a right to appeal." Rule 11 Tr. 16. The Court did not discuss the plea agreement's waiver of appeal or collateral attack rights.

Prior to sentencing, on July 21 and 22, 2003, the Court conducted a two-day evidentiary hearing, primarily focusing on two disputed sentencing issues: (1) whether Mercado should be held responsible for 100 grams or more of heroin; and (2) whether Mercado's criminal history category significantly over-represented the seriousness of his criminal history. At the end of the sentencing hearing, the Court concluded that the amount of heroin attributable to Mercado was under 100 grams. See Sent. Tr. 2-112. The Court considered and rejected the argument of trial counsel that Mercado's criminal history category significantly over-represented the seriousness of his criminal history. See Sent. Tr. 2-116, 2-119. The Court then sentenced Mercado at the bottom of the guideline range to 188 months' imprisonment, followed by 72 months' supervised release.

At the conclusion of the sentencing hearing, Mercado was advised as follows:

> [T]he Court hereby notifies you of your right to appeal the sentence. If you cannot afford the cost of an appeal, you may move to proceed in forma pauperis. If you cannot afford counsel for an appeal, one will be appointed for you. You are also notified that the Clerk of Court will file an appeal on your behalf if requested by you to do so. Any appeal from the sentence must be filed within ten days of entry of judgment on the docket.

Sent.Tr. 2-122-23.  When asked if he understood his appeal rights, Mercado responded that he did.  Sent.Tr. 2-123.  Judgment was entered on July 23, 2003.

On July 13, 2004, Mercado submitted a *pro se* habeas corpus petition to the Court asserting the following claims: (1) that the Court should not have sentenced him as a career offender; (2) that his trial attorney improperly failed to contest his criminal history category at sentencing, to contest the base offense level recommended by the presentence report or to argue for a departure, and that these failures constituted ineffective assistance; and (3) that his trial counsel had falsely represented to Mercado that his maximum sentence was five years.  On November 4, 2004, the United States filed an opposition to Mercado's §2255 petition, explaining why all the grounds for collateral relief alleged in Mercado's §2255 petition lacked merit and moving for summary dismissal.

Over a year later, on December 7, 2005, Mercado, through counsel, submitted an amended §2255 petition.  In the amended petition, Mercado reiterated his contention that trial counsel had falsely represented to Mercado that his maximum sentence would be five years.  In addition, Mercado alleged that trial counsel had failed to explain the plea agreement's provisions, rendering his plea invalid.  The amended petition also advanced a number of new arguments relating to the alleged deprivation of Mercado's appellate rights.  Specifically, Mercado contended that trial

-4-

counsel had disregarded Mercado's request to file a notice of appeal following imposition of sentence, that his former counsel misled him as to the time period for filing a notice of appeal, and that the waiver of appellate rights contained in the plea agreement was not valid due to trial counsel's ineffective assistance and the failure of the Court to confirm the waiver of appellate rights contained in the plea agreement.

On December 27, 2005, this Court entered an electronic order denying the United States' motion for summary dismissal. The order stated:

> The request for Summary Dismissal is denied. The government shall respond to the amended petition particularly with respect to the waiver of appeal rights and defense counsel's failure to appeal.

## ARGUMENT

As directed by the Court, in this filing, the United States addresses the arguments raised in Mercado's amended §2255 petition regarding his waiver of appeal rights and defense counsel's failure to appeal. For the reason stated below, those claims should be dismissed.[3]

---

[3] The claims made in Mercado's original §2255 petition were addressed in the United States' previously-filed response to Mercado's original §2255 petition, and those arguments are hereby incorporated by reference. While, in accordance with the Court's directive, the United States addresses only those claims in Mercado's amended petition relating to his appeal waiver and the failure of prior counsel to file a direct appeal, the other claims raised in Mercado's amended petition are equally without merit and should be dismissed. If further briefing on Mercado's other claims

**1. Mercado's new claims are time-barred**. All claims relating to Mercado's alleged deprivation of the opportunity to directly appeal his sentence should be dismissed by this Court as time-barred, because they were not filed within the time limits set by the federal habeas corpus statute.

In relevant part, the Antiterrorism and Effective Death Penalty Act (AEDPA) requires that a federal prisoner submit a habeas corpus petition within one year from the date upon which the conviction becomes "final." 28 U.S.C. §2255 ¶6.[4] Mercado's conviction became final when the Court entered judgment, that is, in July 2003. See Derman v. United States, 298 F.3d 34, 41 (1st Cir. 2002). Mercado's initial *pro se* petition, filed in July 2004, was within the one-year deadline. However, Mercado's amended petition, filed in December 2005, was untimely and should be dismissed on that ground.

Amendments to federal habeas petitions are governed by Federal Rule of Civil Procedure 15, which permits otherwise untimely

---

would assist the Court, the United States stands ready to provide such briefing.

[4] In addition to the date on which the conviction became final, the AEDPA lists three alternative events, the latest of which triggers the start of the one-year limitations period -- the date on which an impediment to making a motion created by illegal or unconstitutional governmental action is removed, the date on which the right asserted was recognized by the U.S. Supreme Court, if the right has been made retroactively applicable to cases on collateral review, and the date on which the facts supporting the claim asserted could have been discovered through the exercise of due diligence. None of these are applicable in this case.

pleading amendments to "relate back" to the date of an earlier timely-filed pleading if the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2); United States v. Ciampi, 419 F.3d 20, 23 (1st Cir. 2005). In the habeas context, the Rule 15 "relation back" provision is strictly construed, in light of "Congress' decision to expedite collateral attacks by placing stringent limits on [them]." Mayle v. Felix, 125 S.Ct. 2562, 2570 (2005)(citation omitted); see United States v. Expinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000)(noting that an overly broad interpretation of the term "occurrence" in Rule 15 "would be tantamount to judicial recission of AEDPA's statute of limitations period"). As the First Circuit has explained, in the §2255 context, Rule 15 establishes a "stringent standard" for relation back of amended claims. Ciampi, 419 F.3d at 24. To be considered timely, amended habeas corpus claims "must arise from the 'same core facts' and not depend upon events which are separate both in time and type from the events upon which the original claims depended." Ciampi, 419 F.3d at 24.

Here, Mercado's original, timely petition, did not raise any issues relating to the allegedly improper denial of his right to appeal. While Mercado discussed prior counsel's alleged ineffective assistance, he did not rely on any facts surrounding his alleged loss of the right to appeal. A petitioner cannot

satisfy the Rule 15 "relation back" requirement merely by raising some type of ineffective assistance claim in the original petition and then amending the petition to assert another, entirely different ineffective assistance claim. <u>Ciampi</u>, 419 F.3d at 24. Mercado's failure to assert the claims related to his appeal rights in his initial, timely petition is particularly glaring in light of the fact that he <u>did</u> include other ineffective assistance of counsel claims in that petition, demonstrating that he understood the required elements of such a claim.

Moreover, in his affidavit filed with this Court, Mercado avers that, at sentencing, he "expressed his concern that, according to the plea agreement, I had agreed to waive my right to appeal or to attack the sentence collaterally." Aff. ¶10. In addition, the terms of the amended petition itself implicitly concede that it is untimely filed. In the section providing for an explanation of why the AEDPA's one-year statute of limitations does not bar the motion, Mercado states merely that "[p]etitioner's original §2255 motion was filed in this case within the one-year statute of limitations." No argument is advanced that the amended §2255 petition itself is timely.

Since the amended petition raising Mercado's claims regarding his appeal rights was untimely filed and cannot be deemed to relate back, the claims relating to appeal rights in the amended §2255 petition should be denied.

**2. <u>Mercado expressly waived his right to bring collateral</u>**

-8-

**challenges.**  In addition, this Court should deny Mercado's attempt to bring challenges relating to his appeal rights by way of a §2255 petition because Mercado waived his right to bring collateral challenges.  Notably, neither in his original petition, nor in his amended petition, does Mercado challenge the waiver of collateral attacks contained in his plea agreement.  While at the time of Mercado's guilty plea and sentencing, the Court did not specifically discuss the provisions of the plea agreement that waived Mercado's right to bring collateral attacks, such a waiver was expressly set forth in Mercado's plea agreement.  Plea Agreement ¶6.  In addition, it is evident from his own statements that Mercado understood that he had waived his right to attack his sentence collaterally.  In the affidavit filed with this Court in support of his amended §2255 petition, Mercado affirmatively states that, at the time of sentencing, he was aware of the waiver of collateral attack contained in his plea agreement, asserting that, on the first day of the sentencing hearing, he stated to his former counsel that "according to the plea agreement, I had agreed to waive my right to appeal <u>or to attack my sentence collaterally</u>." (emphasis added) Aff. ¶10.  Given Mercado's admission that he was aware of and understood the waiver of collateral attack rights set forth in his plea agreement, this waiver should be enforced as one

that was knowing and voluntary.  <u>See</u> <u>Ciampi</u>, 419 F.3d at 23-26.[5]

**3.  <u>Mercado's arguments regarding the alleged deprivation of his opportunity to appeal his sentence should be rejected.</u>**  On the merits, in his amended petition, Mercado makes several arguments regarding his appeal rights.  Specifically, he alleges that the waiver of his appeal rights was not knowing and voluntary and that prior counsel ignored Mercado's request to file an appeal and failed to inform him of the 10-day deadline for filing a notice of appeal.  All of these arguments should be rejected.

**A.  Mercado knowingly and voluntarily waived his right to appeal.**  In his amended petition, Mercado alleges that, despite the fact that his plea agreement contained an express waiver of appellate rights, that he did not knowingly and voluntarily waive his right to appeal.  In <u>United States v. Ciampi</u>, the First Circuit considered and rejected a similar claim by a habeas petitioner.  In that case, the Court of Appeals set out and applied a three-part test for the enforceability of appeal waivers: (1) whether the written plea agreement contained a clear statement of the waiver; (2) whether the Court discussion of the waiver was sufficient to ensure that the defendant freely and intelligently agreed to waive his appeal rights; and (3) whether such a waiver would otherwise

_____

[5]  If, in a subsequent filing, Mercado attempts to bring the novel claim that he was improperly deprived of his right to bring collateral challenges or that his waiver of collateral attack rights should not be enforced, this Court should reject any such claim as untimely.

constitute a "miscarriage of justice." <u>Ciampi</u>, 419 F.3d at 25; <u>see</u> <u>United States v. Teeter</u>, 257 F.3d 14, 24-25 (1st Cir. 2001).

Applying the first prong of this test, it is clear that the plea agreement signed by Mercado contained an express waiver of his appeal rights. Plea Agreement ¶6. On the second prong, the record in this case shows that the Court did not explain the appeal waiver and, instead, erroneously stated that Mercado had the right to appeal. Nonetheless, by the time of sentencing, Mercado, by his own admission, was fully aware that his plea agreement contained an appeal waiver. Aff. ¶10 (stating that, on the first day of the sentencing hearing, Mercado told his former counsel that "according to the plea agreement, I had agreed to waive my right to appeal or to attack my sentence collaterally"). Furthermore, at sentencing, the Court informed Mercado that "the Clerk of Court will file an appeal on your behalf if requested by you to do so" and explained that "[a]ny appeal from the sentence must be filed within ten days of entry of judgment on the docket." Sent.Tr. 2-122-23. Mercado, upon questioning by the Court, indicated that he understood the Court's statement of his appeal rights. Sent.Tr. 2-123.

Given this combination of the Court's statements and Mercado's own understanding of the terms of his plea agreement, the fact that he did not request the Clerk of Court to file an appeal within the ten-day period set forth by the Court strongly suggests that Mercado freely and voluntarily abandoned his right to appeal.

-11-

Finally, no miscarriage of justice would be perpetrated by enforcing the appeal waiver provision. Indeed, Mercado does not even argue that a miscarriage of justice would occur.

**B. The record demonstrates that Mercado was not denied the right to take an appeal by prior counsel's alleged ineffective assistance.** Mercado also argues that he was improperly denied the opportunity to take an appeal because his prior counsel provided ineffective assistance, allegedly failing to file a notice of appeal at Mercado's request and allegedly failing to inform Mercado of the ten-day time limit for filing an appeal. As noted above, the Court itself not only expressly informed Mercado of the ten-day period for filing an appeal, but also told Mercado that, if directed to do so by Mercado, the Clerk of Court would file an appeal on Mercado's behalf. Since Mercado failed to file an appeal despite these statements by the Court, his assertion that he was prevented from filing an appeal by the misrepresentations or inaction of his prior counsel are difficult to credit or to square with the record.

However, to the extent that the Court believes that there are factual issues raised by Mercado's assertions regarding prior counsel, as outlined in the United States' previous submission, it would be appropriate to subpoena prior counsel, Mr. Rappaport. If subpoenaed, Mr. Rappaport is expected to say that, while he has no specific recollection of the discussions with Mercado, that it is

his practice to fully discuss the terms of plea agreements with his clients and that if Mercado had requested that Mr. Rappaport file an appeal, he would have done so.  Finally, we note that, if the Court were to conclude that Mercado had been improperly denied an opportunity to appeal his sentence, the appropriate remedy would be to resentence Mercado to the same sentence and to permit him to file a direct appeal from that sentence.

<u>CONCLUSION</u>

For the foregoing reasons and those stated in the United States' response to Mercado's previous §2255 petition, Mercado's claims should be rejected and both the original and the amended §2255 petitions should be dismissed.

Respectfully submitted,

Michael J. Sullivan
United States Attorney

By: <u>/s/ Jennifer Hay Zacks</u>
    Jennifer Hay Zacks
    Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by filing it pursuant to the Court's ECF system and by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> Roberto M. Braceras
> Goodwin Proctor LLP
> Exchange Place
> Boston MA 02109-2881

This 24th day of April, 2006.

> /s/ Jennifer H. Zacks
> Jennifer H. Zacks
> ASSISTANT UNITED STATES ATTORNEY