UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELVIN MERCADO,<br><br>          Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 04-11653-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY TO UNITED STATES' OPPOSITION TO PETITIONER'S AMENDED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The government's opposition misses the mark and, at best, concedes that Petitioner Elving Mercado's Amended Motion under 28 U.S.C. § 2255 warrants an evidentiary hearing. The government has only opposed Mr. Mercado's claim that prior counsel's failure to appeal Mr. Mercado's sentence constituted ineffective assistance. Mr. Mercado accordingly limits his reply to this single issue.

**I.      Mr. Mercado's Claim Is Not Time-Barred**

The government's lead argument — *i.e.,* that Mr. Mercado's claim of ineffective assistance of counsel is time-barred because Mr. Mercado "did not raise any issues relating to the allegedly improper denial of his right to appeal" in his original *pro se* § 2255 Motion, *see* Government's Opposition to Amended Motion ("Opp.") (Docket No. 28) at 6-8 — is without merit. Mr. Mercado's original § 2255 Motion speaks for itself. Mr. Mercado twice listed "ineffective assistance of counsel" as the reason his sentence was not directly appealed. *See*

Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion") (Docket No. 1) at 5, 8. Mr. Mercado also explicitly stated in his memorandum in support of his original Motion that **"[my] prior counsel was 'ineffective' for not adequately appealing [my sentence] on direct appeal . . . ."** Memorandum in Support of Motion (Docket No. 2) at 2.

Mr. Mercado could hardly be more explicit. Indeed, the government's argument in this regard is directly contradicted by its own opposition to the original Motion, in which the government noted that "[Mr. Mercado] also argue[d] that it was ineffective assistance of counsel for his attorney not to appeal" his sentence. *See* Government's Opposition to Motion (Docket No. 6) at 12. Because Mr. Mercado's original Motion contained the same ineffective assistance claim alleged in this Amended Motion, the Court should find that Mr. Mercado's claim is not time-barred.

## II. Mr. Mercado Did Not Knowingly And Voluntarily Waive His Right To Attack His Sentence Collaterally

The government next argues that "Mr. Mercado waived his right to bring collateral challenges," as "such a waiver was expressly set forth in [his] plea agreement." Opp. at 9. But this argument does not appreciate the essence of Mr. Mercado's claim that the entire plea agreement, *including its waiver of collateral challenges*, is constitutionally invalid due to prior counsel's ineffective assistance. *See* Memorandum in Support of Amended Motion (Docket No. 24) at 9-10. Notably, a waiver provision *cannot* bar an ineffective assistance of counsel claim that attacks the validity of the very plea agreement containing the waiver provision. *See, e.g., Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself — the very product of the alleged ineffectiveness."

2

(citation and alteration omitted)); *see also United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("[A]n impermissible boot-strapping arises where a waiver is sought to be enforced to bar a claim that the waiver itself — or the plea agreement of which it was a part — was unknowing or involuntary.").

The plea agreement, including the waiver of collateral attacks, is invalid because Mr. Mercado did not agree to it knowingly or voluntarily. Indeed, prior counsel never explained the plea agreement to Mr. Mercado at any level. *See* Affidavit of Elving Mercado in Support of Motion ("Mercado Aff.") (Exhibit C to Docket No. 24), ¶ 6. Moreover, when Mr. Mercado learned on his own that the plea agreement apparently waived his right to attack his sentence collaterally, he told prior counsel that he in fact "did not want to waive [his] right . . . to attack [his] sentence collaterally." *Id.*, ¶ 10. Prior counsel, however, unfortunately "brushed aside [his] concerns and told [him] not to worry." *Id.*

The collateral attack waiver provision also is invalid because, as the government itself concedes, *see* Opp. at 9, the Court never explained to Mr. Mercado that the plea agreement waived his rights to attack his sentence collaterally, much less asked Mr. Mercado if he had knowingly and intelligently agreed to such a waiver. *See* Fed. R. Crim. Pro. 11(b)(1)(N) ("Before the court accepts a plea of guilty . . . the court must inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."). The Court's failure to confirm Mr. Mercado's knowing waiver of his right to appeal and/or collaterally challenge his sentence constitutes plain error. *See United States v. Murdock*, 398 F.3d 491, 497 (6th Cir. 2005) (holding that district court's failure to comply with Fed. R. Crim. Pro. 11(b)(1)(N) is plain error and affects defendant's substantial rights).

Accordingly, because Mr. Mercado did not knowingly and intelligently agree to the plea agreement, he did not waive his right to attack the sentence collaterally.

### III.   Mr. Mercado Did Not Knowingly Or Voluntarily Waive His Right To Appeal

The government also argues that Mr. Mercado waived his right to appeal. Opp. at 10-12. However, the plea agreement's waiver of the right to appeal, just like its waiver of collateral attacks, is invalid as Mr. Mercado did not knowingly or voluntarily enter the plea agreement. More important, the Court directly contradicted the plea agreement's waiver provision by assuring Mr. Mercado that he had a right to appeal. Sentencing Hearing Transcript, Day Two (Exhibit I to Docket No. 24) at 2-122 ("Mr. Elvin Mercado, the Court hereby notifies you of your right to appeal the sentence."); Rule 11 Hearing Transcript (Exhibit D to Docket No. 24) at 16 ("[T]o the extent that I impose a sentence that's harsher than the plea agreement, you have a right to appeal."). Under similar circumstances, the First Circuit has held that a waiver of an appeal is invalid. *See United States v. Teeter*, 257 F.3d 14, 27 (1st Cir. 2001) (invalidating plea agreement's right to appeal waiver provision "[g]iven the court's failure to make inquiry into the waiver" and the court's "unfortunate contradiction of the waiver's terms"). Thus, because Mr. Mercado did not knowingly and voluntarily enter the plea agreement, *and* because the Court told him that he had a right to appeal, he should now be granted the opportunity to pursue the appeal of which he was deprived.

**IV.     Prior Counsel's Ineffective Assistance Deprived Mr. Mercado Of His Right To Appeal**

The government's final argument is that prior counsel's failure to file an appeal pursuant to Mr. Mercado's request was not ineffective assistance, because the Court informed Mr. Mercado that the Clerk of the Court would file a notice of appeal if Mr. Mercado so requested. Opp. at 12. Again, the government misses the point. An ineffective assistance claim requires only that counsel ignore a defendant's request to file a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Whether the Clerk of the Court offered to file a notice of appeal is beside the point. Mr. Mercado testified under oath that he specifically asked prior counsel to file an appeal on his behalf. Prior counsel's failure to do so constitutes ineffective assistance of counsel. *See* Mercado Aff., ¶ 14.

## CONCLUSION

The government has not offered any case law nor pointed to anything in the record that rebuts Mr. Mercado's claim that prior counsel's ineffective assistance denied Mr. Mercado his right to appeal.[1]  Thus, for the foregoing reasons, and for the reasons stated in Mr. Mercado's Amended Motion and Memorandum in Support of Amended Motion (Docket Nos. 23 and 24), the Court should grant Mr. Mercado relief, or, at the very least, hold an evidentiary hearing to resolve his claims.

Respectfully submitted,

*/s/ Roberto M. Braceras*
Roberto M. Braceras  (BBO# 566816)
Robert J. Durbin (BBO# 658224)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: July 21, 2006

---

[1] In fact, the government essentially concedes that resolving this claim at least requires an evidentiary hearing. *See* Opp. at 12-13; *see also Hernandez-Hernandez v. United States*, 904 F.2d 758, 762 (1st Cir. 1990) ("To dismiss a § 2255 motion without a hearing, the allegations set forth by the petitioner must be accepted as true except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (citation and internal quotation marks omitted)).

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 21, 2006.

Dated: July 21, 2006          */s/ Roberto M. Braceras*
                                             Roberto M. Braceras

LIBA/1701546.1