UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELVIN MERCADO,<br><br>    Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 04-11653-PBS<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF SECOND AMENDED MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

  Elvin Mercado submits this Memorandum in support of his Second Amended Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255.

**INTRODUCTION**

  Justice demands that Mr. Mercado be resentenced. Mr. Mercado was originally sentenced on July 22, 2003, to a term of imprisonment of fifteen and one- half years. His lengthy sentence was the result of being designated a career offender based upon two prior convictions in Lowell District Court. Both of those convictions, however, have been vacated. Thus, under the well established case law of this Court, Mr. Mercado should be resentenced consistent with his actual criminal history.[1]

---

[1]  Mr. Mercado's Second Amended Motion to Vacate, Set Aside, or Correct Sentence is based upon both his revised criminal history and ineffective assistance of counsel at the trial level. Mr. Mercado incorporates by reference his Memorandum in Support of Amended Motion under § 2255 (Docket No. 24), filed on December 7, 2005, in support of his ineffective assistance of counsel claim. This supplemental memorandum focuses solely on the vacatur of his state criminal convictions that supported his initial sentencing.

## STATEMENT OF FACTS

In 1994, Mr. Mercado pleaded guilty in Lowell District Court to two drug-related offenses. Presentence Report ("PSR"), ¶¶ 111, 113, attached hereto as Ex. A. These two offenses occurred only three days apart, and Mr. Mercado was only seventeen years old at the time. *Id.* More than ten years later, in 2003, this Court relied upon those two state district court convictions in sentencing Mr. Mercado to more than fifteen years in prison as a career offender. *See* PSR, ¶ 122; Sentencing Hearing Transcript, Day Two, pp. 112-20, attached hereto as Ex. B.

On October 16, 2006, Mr. Mercado moved the Lowell District Court to vacate the two state court convictions on the ground that his guilty pleas were not entered knowingly or voluntarily and were thus unconstitutional under state and federal law. *See* Motion for a New Trial and Memorandum in Support, attached hereto as Ex. C. Two days later, on October 18, 2006, Judge Jarasitis granted the motion and vacated the state court convictions that were the predicates to Mr. Mercado's federal sentence. *See* Letter from Judge Jarasitis to Clerk Magistrate Lisano, dated October 18, 2006, attached hereto as Ex. D.

## ARGUMENT

**THE VACATUR OF MR. MERCADO'S PRIOR STATE COURT CONVICTIONS REQUIRES THAT HE BE RESENTENCED.**

The unambiguous law of this circuit requires Mr. Mercado to be resentenced, as two of the predicate convictions supporting his initial sentence have since been vacated. The First Circuit case of *Mateo v. United States*, 398 F.3d 126 (1st Cir. 2005) (affirming *Mateo v. United States*, 276 F. Supp. 2d 186 (D. Mass. 2003) (Saris, J.)), is directly on point. In *Mateo*, the First Circuit affirmed this Court's decision to resentence the defendant because, as in this case, the defendant's sentence had been based upon a prior state court conviction that was subsequently

2

vacated on the ground that the guilty plea was not knowing or voluntary. *Id.* at 133-34. The First Circuit held that this Court acted properly in reducing the defendant's sentence in *Mateo*, reasoning that a guilty plea that is not knowing or voluntary is unconstitutional and cannot be used to enhance a defendant's sentence. *Id.*; *see also United States v. Pettiford*, 101 F.3d 199 (1st Cir. 1996) (affirming district court's resentencing of Pettiford under § 2255 because state convictions used to enhance Pettiford's federal sentence had been vacated on the ground that his guilty pleas were not voluntary).

The *Mateo* case does not stand alone. There is a significant body of case law that supports resentencing Mr. Mercado on the basis of his recently vacated state court convictions. For example, in *Lawrence Plant v. United States*, Civil Case No. 04-10036 (PBS) (D. Mass. 2004) (Saris, J.), this Court granted the defendant's § 2255 request for resentencing on the ground that the state court guilty pleas that had enhanced his initial sentence had been vacated. *Id.*; *see also Frazier v. United States*, 355 F. Supp. 2d 575, 577 (D. Mass. 2005) (Gorton, J.) (holding that "the invalidation of a state court conviction . . . entitle[s] a defendant to resentencing under the sentencing guidelines"); *Candelaria v. United States,* 247 F. Supp. 2d 125, 132-34 (D.R.I. 2003) (holding that resentencing is required if state conviction used to enhance federal sentence under Sentencing Guidelines is vacated).

Here, Mr. Mercado's 12-year-old state court convictions were properly vacated by the Lowell District Court. *See* Ex. D. It is now time for this Court to resentence Mr. Mercado based upon his revised, accurate criminal history, which, notably, does *not* support a career offender designation. *See Mateo*, 398 F.3d at 133-34; *see also* U.S.S.G. § 4B1.1(a).

## **CONCLUSION**

For the foregoing reasons, Mr. Mercado respectfully requests that the Court resentence him.

        Respectfully submitted,

        **/s/ Roberto M. Braceras**
        Roberto M. Braceras  (BBO# 566816)
        Robert J. Durbin  (BBO# 658224)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, MA 02109-2881
        (617) 570-1000

Dated: December 1, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 1, 2006.

                                                                 /s/ **Roberto M. Braceras**

LIBA/1747955.2