# Exhibit C

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

DISTRICT COURT DEPARTMENT
LOWELL DIVISION
No.:    94 11 CR 2750 &
94 11 CR 2855

COMMONWEALTH

v.

ELVING MERCADO

## MOTION FOR A NEW TRIAL
## &
## MOTION FOR RECONSIDERATION OF
## MOTION FOR A NEW TRIAL
## (MOTIONS TO WITHDRAW GUILTY PLEAS)

Now comes the defendant, in the above-entitled action, and respectfully moves this Court to reconsider its ruling of January 29, 2003 and subsequent related rulings or to grant this new motion to allow him to withdraw his prior admissions and pleas to each count of the two above referenced Complaints, and that he be granted either a new trial pursuant to Rule 30 and Rule 12, of Mass.R.Crim.P., the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article XII and XIV of the Massachusetts Declaration of Rights, or that one or both of the above captioned complaints be dismissed, set aside, filed, or merged with the other, in the interests of serving justice.

In support of his motion the defendant avers that:

(1) The guilty pleas in the above-entitled complaints were not entered knowingly and intelligently,

(2) The two guilty pleas resulted from two drug cases occurring within several days of each other at a time when the defendant was seventeen (17) years old, and suffering from diagnosed mental illness, he had ceased treatment, and was addic...

(2) At the time that the pleas were entered in the above cases the defendant was suffering from mental illnesses that were not brought to the attention of the Court and which prevented him from making a truly voluntary and knowing plea;

(3) Furthermore, the defendant didn't understand or appreciate that he was pleading guilty to *two* separate complaints, and instead thought he was resolving one case;

(4) The defendant's pleas were invalidly entered under Rule 12 of the Massachusetts Rules of Criminal Procedure, as there was only *one* Waiver of Jury Trial filed in these two matters, without a docket number;

(5) The defendant did not understand and appreciate the specific constitutional rights that he was relinquishing in regard to the above two complaints;

(6) The defendant's trial counsel was ineffective in failing to investigate and address the mental illness issues, by failing to advise him of his specific constitutional rights and nature of the overall plea agreement; and/or

(7) The charges in the complaints lodged by the Commonwealth are "fatally flawed" under the United States Supreme Court ruling of Apprendi v. New Jersey, 530 U.S. 466, 488-492 (2000) in conjunction with Blakely v. Washington, 542 U.S. 296 (2004), 111 Wash. App. 851 (2004), where neither the amount nor the quantity of the drugs were specifically outlined by the Commonwealth.

Newly contemplated medical (mental health) records, new affidavits, and recent case-law indicate that granting this motion would be necessary to serve the interests of justice under all of the circumstances.

The defendant's Motion is based upon the attached Memorandum of Law in Support of Motion for New Trial and the Appendix (with Exhibits A-C & Affidavits I-IV contained therein), filed concurrently herewith.

WHEREFORE, the defendant prays that this Honorable Court order that he be afforded a new trial, or other reasonable relief as requested herein, or as the Court deems just.

The forgoing is sworn to be true to the best of my knowledge information and belief:

>Respectfully submitted,
>ELVING MERCADO
>By his Attorney,
>
>Daniel J. Murphy
>79 Merrimack Street, Suite 300
>Lowell, Massachusetts 01852
>BBO# 630726

## REQUEST FOR HEARING ON MOTION

To:

Middlesex County District Attorney's Office
151 Warren Street, Lowell, MA 01852

**Please take Notice** that the undersigned requests a hearing the within Motion for New Trial, before the **Lowell District Court**, holden at 41 Hurd Street, Lowell, Massachusetts, at some other reasonable location, date and time convenient to the Court and the Parties.

Dated: October 16, 2006            Daniel J. Murphy

## CERTIFICATE OF SERVICE

**The undersigned hereby certifies** that a true copy of the within Motion For New Trial has been served upon the Commonwealth, by delivering same by mail first class postage prepaid to:

Middlesex County District Attorney's Office
151 Warren Street, Lowell, MA 01852

Dated: October 16, 2006            Daniel J. Murphy

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

DISTRICT COURT DEPARTMENT
LOWELL DIVISION
No.:  94 11 CR 2750 &
94 11 CR 2855

COMMONWEALTH

v.

ELVING MERCADO

## MEMORANDUM OF LAW & AFFIDAVITS IN SUPPORT OF MOTION FOR A NEW TRIAL (MOTIONS TO WITHDRAW GUILTY PLEAS)

## INTRODUCTION

The defendant, Elving Mercado, is presently serving an enhanced sentence of over fifteen (15) years in a federal prison, predicated upon the two above captioned complaints in which two guilty pleas were entered against him, in the Lowell District Court, at a time when he was seventeen (17) years of age, addicted to heroin, and suffering from diagnosed mental illnesses (see Appendix, Exhibit A, Mental Health Records, Greater Lawrence Mental Health Center, 38 pages) that were not addressed by counsel nor contemplated by the Court at the plea hearing and which impaired his ability to competently assist his attorney and appreciate the significance of the plea hearing.

The defendant has moved to withdraw all pleas on the several grounds outlined in the attached Motion and below, and in previous motions, including the general grounds that; (1) the pleas were neither voluntarily nor intelligently made: (2) the defendant did not appreciate the fact that he was pleading to two separate charges: (3) he received ineffective assistance of counsel in several regards including (3)(i) a failure to adequately advise

regarding the plea, (3)(ii) a failure to investigate and present both mental illness issues and (3)(iii) motions to suppress issues to the Court: (4) the pleas are ineffective as there is in no enumerated written waiver as required by the Rules nor (5) any sufficient written proof available on the docket to indicate that the Defendant entered the plea voluntarily, (6) that he was appraised of his trial rights or the elements of the offenses, and (7) the record fails to establish that the Commonwealth specified an enumerated 'quantity' of drugs as required to support such a conviction.

The defendant's Motion is based upon this memorandum and the Appendix (with Exhibits & Affidavits contained therein), filed concurrently herewith, and hereby incorporates by reference all prior post plea Motions and Affidavits filed by Attorney Steven Rappaport, Thomas Wirtanen, and Elving Mercado, pro se.

On or about May 24th, 1994, guilty findings entered against the defendant after he appeared before a Justice of the Lowell District Court on two criminal complaints alleged to have occurred within three days of each other. Case number 9411CR2750 charged the defendant with four separate counts of: (i) possession of a Class A substance with intent to distribute; (ii) possession of a class B substance with intent to distribute; (iii) possession of a class A substance with intent to distribute within a school zone, and (iv) possession of a class A substance with intent to distribute within a school zone.

Case number 9411CR2855, charged the defendant with three (3) additional crimes: (i) possession of a class B substance with intent to distribute; (ii) possession of a class A substance with intent to distribute and (iii) a violation of the controlled substance act, within a school zone. Guilty pleas entered in these two cases and the defendant was sentenced to two and a half years in the house of correction.

At the time of these pleas there were many impediments to the defendant having the capacity and competency to truly understand the consequences of his actions leading up to the plea hearing. At that time, Mr. Mercado was an

immature seventeen (17) year old boy, addicted to heroin, and a high school drop-out, from a broken home. While in Lawrence High School, Elving Mercado was a long-time special education student. That school made several referrals for him to receive diagnosis and treatment for mental illness.

As shown in the attached records, throughout his childhood, Elving Mercado suffered from serious mental illnesses including, Conduct Disorder, Oppositional Disorder, Borderline Personality, Depression, Attention Deficit Hyperactivity Disorder, and Anxiety. Any one of these disorders would impair a defendant's ability to competently enter a plea knowingly and intelligently. The fact that the defendant was not involved with the criminal courts prior to these incidents contributes to the concerns regarding his plea. The evidence presented sufficiently indicates that the combination of the mental illnesses, along with the defendant's alcohol & drug addiction, and his immaturity and ignorance of the criminal justice system prevented him from knowingly and intelligently entering a plea in both matters.

In November of 1989 Mr. Mercado was committed to a hospital for two months of in-patient psychiatric treatment after exhibiting signs of suicidal ideation. There was one episode where a young Elving Mercado attempted suicide from a cliff-top behind his elementary school, during school. Mr. Mercado also received periodic treatment at the Greater Lawrence Mental Health Center. (see Appendix, Exhibit A).

As recently as 1993, just over a year before his pleas in these cases, Elving Mercado once again sought treatment, at the Psychological Center in Lawrence Massachusetts, and entered into a treatment plan (See Appendix, Exhibit A). The "[T]reatment Plan" lists a diagnosis of Oppositional Behavior Disorder, it set a target date of May, 1994 (the same month of his pleas) and it was signed by therapist Kevin Floyd. This diagnosis and treatment occurred in the same year as his pleas in the above captioned matters and are relevant to his state of mind and lack of competency at the time of the plea hearing.

At the time of his pleas the defendant was addicted to heroin and carried an amount of heroin with him daily to support that habit. According to his affidavit, Mr. Mercado was using approximately 20 small baggies of heroin every day.

Mr. Mercado has no memory of his attorney ever explaining to him the exact nature of the charges, the elements of the charges, his trial rights, nor the collateral consequences flowing from a guilty plea. However, Mr. Mercado does have a specific memory of discussion at the Billerica House of Correction that indicates that he did not appreciate the significance of what had occurred at the time of the plea hearing (see Affidavit of Elving Mercado, attached).

According to his affidavit, Mr. Mercado specifically recalls speaking to another inmate at the Billerica House of Correction upon his arrival there. During that conversation, Mr. Mercado specifically recalls the older white inmate reading his court papers and explaining to him that he had pled guilty to two separate complaints. Mr. Mercado recalls that shortly after his arrival at the Billerica House of Correction, an inmate approached him and reviewed his documents. To Mr. Mercado's surprise, the inmate stated that the documents indicated that he had pleaded guilty and had been sentenced on both cases, as the guilty pleas involved "two docket numbers" (see Id.). This was a surprise to Mr. Mercado who believed that he had only resolved one case and that he still had to return to court to resolve the second matter, docket number 94 11 CR 2855. The defendant was intending on asserting a defense of 'personal use' on this case and was surprised to discover that it was over.

Additionally, there exists only one signed written waiver of plea in the two dockets, and that waiver does not reflect any docket number at all. It doesn't contain either docket number 94 11 CR 2750 or 94 11 CR 2855. Furthermore, plea counsel Thomas A. Wirtanin and successor counsel, Steven Rappaport, have submitted Affidavits indicating that justice was not served in these cases.

Trial counsel has admitted that he was of the understanding that the cases had been resolved with one docket number and were treated as one case. The Affidavit of plea counsel, Thomas A. Wirtanen, of January 23, 2003, states:

> "I was unaware of any mental health issues with Mr.
> Mercado until speaking with Mr. Rappaport years later ...
> the best result seemed to be to convince the Court to treat
> the matters as one incident ...I managed to convince the
> Court that this was the appropriate result... [I]t is obvious
> from the concurrent disposition that the Court intended to
> punish these matters as one act and one mistake."
> (See attached Affidavit of Thomas Wirtanen)

Where trial counsel did not inform the defendant that he was resolving two cases, then he clearly could not knowingly and intelligently entered his pleas and waive his rights. Had the defendant truly understood what was happening, and if plea counsel had reviewed the issues of mental illness in advising the defendant regarding his plea, then the plea would not have been performed without additional preparation, contemplation, and evaluation of the defendant's competency. If counsel had discussed the issues of mental illness with the defendant, either the defendant would have revealed his prior diagnoses and treatment to counsel or counsel would have elicited the necessary information from him and there would have been some investigation into these mental health issues before entering a plea. The fact that defense counsel was unaware of the defendant's mental illnesses is an indication itself that the plea process was not knowingly and voluntarily completed.

Given the totality of the reliable evidence *now* before the Court, the defendant has made an adequate showing to support a presumption that his plea was not entered into knowingly and intelligently, and the Commonwealth is unable to prove, that the defendant plead guilty to the above complaints, knowingly, voluntarily, and intelligently. Commonwealth v. Zinser, (SJC-09516) (2006), Commonwealth v. Berrios, 64 Mass. App. Ct. 541 (2005).Commonwealth v. Cutts, 444 Mass. 821 (2005), Commonwealth v.

Comita, 441 Mass. 86, 90 (2004), Commonwealth v. Colon, 439 Mass. 519
(2003), Commonwealth v. Robbins, 41 Mass. 442, 449 (2000), Commonwealth
v. Nikas, 431 Mass. 453 (2000), Commonwealth v. Correa, 43 Mass.App.Ct.
714, 716 (1997), Commonwealth v. Colantoni, 396 Mass. 672, 679 (1986),
Commonwealth v. Sullivan, 385 Mass. 497, 504, 432 N.E.2d 684 (1982), as
well as Apprendi v. New Jersey, 530 U.S. 466, 488-492 (2000) in conjunction
with Blakely v. Washington, 542 U.S. 296 (2004), 111 Wash. App. 851
(2004).

## STATEMENT OF THE CASE

The Motion should be allowed for the following reasons:

1. The defendant did not knowingly, intelligently, nor competently enter his
pleas in the above-captioned matters as he was suffering from significant
diagnosed mental illnesses (Appendix, Exhibit A ), as well as serious
substance abuse issues, and he was only seventeen (17) years old at the time
of the plea hearing in these matters, and these factors, combined with
incomplete advise from plea counsel, prevented him from appreciating the
true significance of what he was doing at the plea hearing;

1.(a). the defendant did not enter his pleas knowingly nor intelligently,
where he **did not understand** that he was pleading to *two* **separate
complaints**, due in part to mental illnesses, cognitive impairments, and
incomplete notice and advice.

1.(b) the record fails to demonstrate that, at the time of the pleas, the
defendant **knowingly** understood and **voluntarily** entered his pleas, in that
there is insufficient proof that he was explained (i) the **elements** of the
offenses against him, (ii) the specific constitutional **jury trial rights** that
he was relinquishing in regard to the above two complaints, including, (a)
his **right to a jury trial**, (b) his right to **confront his accusers**, and (c) the
**privilege against self incrimination.**

1.(c). the pleas are **invalid pursuant to rule**, in that the **record fails to
establish** that a valid **written waiver of jury trial form** was entered as
required by Rule 12 of the Massachusetts Rules of Criminal Procedure, as
evidenced by the fact that there is only *one* waiver of jury trial form filed
in these two matters and it fails to contain either of the above docket
numbers.

(2) The defendant received **ineffective assistance of counsel** in that (i) counsel
**failed to** adequately **investigate and address the defendant's mental illnesses**,
by failing to (a) bring them to the attention of the Judge at sentencing, (b)
adequately **address the competency issues** either, **requesting funds** to have his
**competency evaluated** or otherwise, and (ii) the defendant was **insufficiently**

advised by trial counsel of the **nature of the charges** he was pleading to, including the fact that he was **resolving two complaints, not** just one, as well as his **jury trial rights.**

3. the **charges** in the complaints lodged by the Commonwealth are **"fatally flawed"** under the United States Supreme Court ruling of *Apprendi v. New Jersey,* 530 U.S. 466, 488-492 (2000) in conjunction with *Blakely v. Washington,* 542 U.S. 296 (2004), 111 Wash. App. 851 (2004), because **neither the amount nor the quantity of the drugs were specifically outlined** by the Commonwealth at the plea hearing. Id.

## OVERVIEW

## WITHDRAWING PLEAS - BURDEN OF PROOF

A new trial may be granted generally on two grounds: (a) if it appears that justice might not have been done; and (b) if there has been newly discovered evidence. *Mass.R.Crim.P. 30(b)*; *Smith, 30A Massachusetts Practice Series: Criminal Practice and Procedure, § 2066 (2nd ed.).*

"As a matter of constitutional due process, a guilty plea may be nullified if it does not appear affirmatively that the defendant entered the plea freely and voluntarily." See Commonwealth v. Robbins, 41 Mass. 442, 449 (2000), citing Boykin v. Alabama, 393 U.S. 238, 242-243 (1969), and Commonwealth v. Fanelli, 412 Mass. 497 (1992).

A Motion for a New Trial "may be used by a defendant who is challenging the validity of his guilty plea." Commonwealth v. Fanelli, 412 Mass. 497, 504 (1992), Commonwealth v. Huot, 380 Mass. 403, 406 (1980), Mass.R.Crim.P. 30(b), Smith, 30A Massachusetts Practice Series: Criminal Practice and Procedure, § 2066 (2nd ed.). The granting of such a motion is within the sound discretion of the judge, however, a hearing is required when an issue of constitutional dimensions is raised. Commonwealth v. Goodreau 442 Mass. 341 (2004), Commonwealth v. Licata, 412 Mass. 654, 660-661 (1992), Commonwealth v. Smith, 381 Mass. 141, 142 (1980).

Where a defendant wishing to withdraw a guilty plea challenges the voluntary or intelligent nature of his plea, it is ordinarily the Commonwealth's burden to show, by means of contemporaneous or reconstructed record of plea, that it was entered understandingly and voluntarily, Commonwealth v. Quinones, 414 Mass. 423, 431-433 (1993), Commonwealth v. Duest, 30 Mass. App. Ct. 623, 625 (1991). "A defendant's plea is not entered into 'freely and understandingly' unless he comprehends the nature of the crime to which he is pleading guilty." Commonwealth v. Nikas, 431 Mass. 453, 456-457 (2000). In order for the Commonwealth to sustain its burden, it must be shown that the "plea proceedings were conducted in a way that protected [the defendant's] constitutional rights." Commonwealth v. Lopez, 426 Mass. 657 (1998).

Moreover, in circumstances in which defendant's motion to withdraw a guilty plea under rule governing post-conviction relief is filed in a sentencing enhancement context and no record of the plea exists because the means of creating that record have been destroyed pursuant to court rule, if a challenge is to advance at all, it must be accompanied by sufficient credible and reliable evidence to rebut a presumption that the prior conviction was valid; if a defendant meets this burden, then an evidentiary hearing may be warranted at which *the burden shifts to the Commonwealth* to show that defendant's plea proceedings were conducted in a way that protected his constitutional rights. Commonwealth v. Colon, 439 Mass. 519 (2003), Commonwealth v. Lopez, 426 Mass. 657 (1998), Commonwealth v. Colantoni, 396 Mass. 672, 679 (1986), Rules Crim.Proc., Rule 30(b), 43C M.G.L.A..

In fact, in the present case, the defendant has made a sufficient showing that the prior enumerated pleas were deficient, there has been a sentencing enhancement based upon these pleas, there is virtually no record of the pleas, and therefore the burden does shift to the Commonwealth and they cannot sustain their burden given the state of the evidence.

## ARGUMENT

**1. The defendant did not knowingly, intelligently, nor competently enter his pleas in the above-captioned matters as he was suffering from significant diagnosed mental illnesses, serious substance abuse issues (Affidavit), cognitive deficits, he was an immature seventeen (17) years old at the time of the plea hearing in these matters, and he had minimal advice from counsel in proportion to the deficits he was suffering and the gravity of the decisions that he was making.**

A guilty plea is valid only if offered "voluntarily, with sufficient awareness of the relevant circumstances." Commonwealth v. Fernandes, 390 Mass. 714, 715 (1984)), Boykin v. Alabama, 395 U.S. 238 (1969), Commonwealth v. Foster, 368 Mass 100 (1975), Commonwealth v. Lewis, 399 Mass. 761 (1987), Commonwealth v. Robbins, 431 Mass. 442 (2000), Commonwealth v. Brito, 433 Mass. 596 (2001), and Commonwealth v. Zinser (SJC-09516) (2006),

In the case at bar, the defendant has made a sufficient showing through motions, memoranda, affidavits and exhibits that justice was not served in the above entitled complaints. There are psychiatric records attached which indicate that the defendant was suffering from serious deficits that impair his competency and his ability to appreciate exactly what he was charged with, what he was agreeing to, what rights he was waiving, and what collateral consequences could flow from such pleas. Moreover, the defendant's belief that he had only pleaded guilty to one case, demonstrates a lack of understanding indicative of an incompetent defendant, incapable of understanding or assisting his attorney. The Affidavits of prior counsel and plea counsel also bolster the issues as to the legitimacy of the plea and whether the interests of justice were accomplished.

In Commonwealth v. Goodreau, 442 Mass. 341, 348 (2004), the court stated:

> "The question of whether the defendant was **competent** to plead guilty is inextricably bound up with the question whether the plea was tendered **voluntarily and knowingly**. See Commonwealth v. Robbins, 431 Mass. at 444-445, and cases cited. The test for determining competency is 'whether [the defendant] has sufficient **present ability to consult with his**

lawyer with a reasonable degree of rational understanding --
and whether he has a **rational** as well as **factual understanding
of the proceedings against him**.' Commonwealth v. Hill, 375
Mass. 50, 52 (1978), quoting from Dusky v. United States, 362
U.S. 402, 402 (1960)... "Without doubt, the defendant's
submissions are not airtight. Nonetheless, the test for whether
they raise a serious issue warranting further scrutiny is not
whether the submissions prove the issue, but whether they cast
real doubt on it. See, e.g., Commonwealth v. Licata, 412 Mass. at
662; Commonwealth v. Britto, 433 Mass. at 608. **The
defendant's motion papers, taken together, contain facially
credible information of sufficient quality to raise a serious
question about whether the defendant was competent at the
time of his plea**. ...and if the defendant's reported suicide
attempt occurred, as Merritt believes it likely did, that also is
cause for concern. See United States v. Loyola-Dominguez, 125
F.3d 1315, 1318 (9th Cir. 1997). Cf. Commonwealth v. Russin,
420 Mass. at 317-318; Commonwealth v. Lameire, 50 Mass.
App. Ct. 271, 274, 277-278 (2000).... [I]n the circumstances of
this case, **serious questions were raised that are best answered
following an evidentiary hearing** at which testimony is
developed more fully and is subject to searching cross-
examination." Id. at 348

The case at bar presents similar issues as the Goodreau case. There is
significant evidence now before the Court that indicates that the defendant
was a young, troubled, confused, suffering from mental illnesses and
cognitive deficits that impaired his ability to make decisions. The defendant's
affidavit indicates that he didn't even realize that he was resolving both cases.
The gravity of the decisions themselves made it even more difficult for the
defendant to understand what he was doing. The showing herein is significant
enough for the Court to conclude that a legitimate issue has been raised by the
defendant as to whether the plea was given voluntarily and freely, such that
the burden should shift to the Commonwealth to establish the validity of the
pleas and a hearing should be granted.

Given the totality of the evidence before the Court, the issue of voluntariness
is validly raised by the defendant, yet, the record fails to establish and the
Commonwealth has failed to prove that the defendant sufficiently understood
the elements or nature of the crimes that would be necessary for him to plead
knowingly and voluntarily. Commonwealth v. Goodreau, 442 Mass. 341, 348
(2004), Commonwealth v. Colon,  439 Mass. 519 (2003), Commonwealth v.

Lopez, 426 Mass. 657 (1998), Commonwealth v. Colantoni, 396 Mass. 672, 679 (1986), Commonwealth v. Nikas, supra at 457, 727 N.E.2d 1166. See also Commonwealth v. Sullivan, 385 Mass. 497, 504, 432 N.E.2d 684 (1982). Therefore, the motion should be allowed.

### 1.(a) The defendant did not enter his pleas knowingly where he did not appreciate that he was pleading to *two* separate complaints, due in part to mental and cognitive impairments and incomplete notice.

The defendant did not knowingly enter his pleas in the above-enumerated cases because he was of the belief that he was resolving only one case and not two. "[A] guilty plea may not be accepted without an affirmative showing that the defendant acts voluntarily and understands the consequences of his plea." Commonwealth v. Duquette, 386 Mass. 834, 841 (1982), also see Commonwealth v. Robbins, 431 Mass. 442 (2000), Commonwealth v. Colantoni, 396 Mass. 672, 679 (1986). Commonwealth v. Fernandez, 390 Mass. 714, 719 (1984), Commonwealth v. Dawson, 19 Mass. App. Ct. 221 (1985) Commonwealth v. Sullivan, 385 Mass. 497, 504 (1982) (Affidavit of Elving Mercado, trial counsel).

The defendant believed that he was pleading guilty to complaint number 94-11-CR-002750, and that complaint number 94-11-CR-002855 was being continued to explore a defense of 'personal use.' According to the Affidavit of the defendant, Elving Mercado, he has only some memories of the events surrounding the plea hearing, but notably he has a specific memory of a discussion with an inmate at the Billerica House of Correction.

Upon the defendant's arrival at the Billerica House of Correction, an older white male inmate approached him. During that conversation, the other inmate looked at Mr. Mercado's court papers and corrected his understanding of what happened. Mr. Mercado specifically recalls thinking that he had to go back to court, but the other inmate pointed out that the court papers showed that he had plead guilty to two cases, not just one. The defendant specifically recalls the inmate saying that the papers indicated that he had entered guilty pleas in cases with "two docket numbers", not one (Affidavit of E.M.). Mr. Mercado's state of mind at the time was that he had only resolved one case and he

believed that he would be returning to Court to face the second charge.

Therefore, the plea was not entered knowingly and intelligently and should be withdrawn.

**1.(b) the record fails to demonstrate that, at the time of the pleas, the defendant knowingly understood and voluntarily entered his pleas, in that there is insufficient proof that he was explained (i) the elements of the offenses against him, (ii) the specific constitutional jury trial rights that he was relinquishing in regard to the above two complaints, (a) his right to a jury trial, (b) his right to confront his accusers, and (c) the privilege against self incrimination.**

### Record Fails to Demonstrate Awareness of the Elements of the Offenses

A plea is considered intelligent if the defendant has knowledge of the elements of the charges against him. See Mass.R.Crim.P. 12(c)(5)(A), 378 Mass. 869 (1979); Correa, 43 Mass. App. Ct. at 717. This requirement is satisfied when the record affirmatively shows that either (1) the judge explained the elements of the crime; or (2) counsel represented that she has explained to the defendant the elements admitted by the plea; or (3) the defendant's statements admitted facts that constituted the unexplained elements. Commonwealth v. Colon, 439 Mass. 519 (2003), Commonwealth v. Colantoni, 396 Mass. 672, 679 (1986), Commonwealth v. Correa, 43 Mass.App.Ct. 714, 716 (1997). The pleas in these cases cannot withstand scrutiny as the record must demonstrate that the elements of the offenses were reviewed with the defendant, either by defense counsel, the Plea Judge, or by admitting to facts that meet the elements on the record.

### Record Fails to Demonstrate Waiver of Jury Trial Rights

The record is insufficient, in that it fails to establish that the defendant knowingly waived his essential jury trial rights. "At a minimum, the record must demonstrate that the judge advised the defendant that, in pleading guilty . . . he waives three fundamental constitutional rights: (1) the right to a jury trial; (2) the right to confront witnesses; and (3) the privilege against self-incrimination.... See Mass.R.Crim.P. 12(c)(3)(A), 378 Mass. 868 (1979), which gives plea judges

the responsibility to ensure that a defendant is informed 'on the record, in open court: (A) that by his plea . . . he waives his right to trial with or without a jury, his right to confrontation of witnesses, and his privilege against self-incrimination.'" Commonwealth v. Lewis, 399 Mass. 761, 764 (1987), citing Boykin v. Alabama, supra at 243, and Commonweath v. Robbins. 431 Mass. 442 (2000).

   The record fails to establish that the defendant validly waived his essential jury trial rights, and the pleas should be vacated for that reason.

**1.(c). The pleas are invalid pursuant to rule, in that the record fails to establish that a valid written waiver of jury trial form was entered as required by Rule 12 of the Massachusetts Rules of Criminal Procedure, as evidenced by the fact that there is only *one* waiver of jury trial form filed in these two matters and it fails to contain either of the above docket numbers. Massachusetts Rules Crim.Proc, Rule 12, Mass.Gen.L. ch. 263 § 6, Commonwealth v. Colon,  439 Mass. 519 (2003), Commonwealth v. Osborne, 62 Mass. App. Ct. 445 (Mass.App.Ct. 2004)**

   Where the Legislature has prescribed by Statute a particular method to be followed to effectuate a waiver of the right to trial by jury, the court is not at leave to depart from it. M.G.L.A. c. 263 § 6, Mass.R.Crim.P. 19(a), Osborne at 447, Gallo v. Commonwealth, 343 Mass. 397, 402 (1961), Commonwealth v. Wheeler, 42 Mas.App.Ct. 933 (1997).

   Colloquy or other proof of voluntariness must appear clearly on the record, in writing: See Commonwealth v. Quinones, 414 Mass. 423, 434 (1993) ("The question whether a defendant was subject to undue pressure to plead guilty must be considered in some manner on the record. . . . No particular form of words need be used in the required inquiry of a defendant").

   Where a defendant alleges a failure to appreciate the charges against him "the fact that the defendant and his lawyer  signed a jury waiver form does not cure any of the defects in the plea colloquy" Commonwealth v. Colon, 439 Mass. 519 (2003).

   "Adequacy of the colloquy is, however, academic where no signed written waiver has been obtained. *A written waiver is required*." Osborne, at 447, Ciummei v. Commonwealth, 378 Mass. 504 (1979). In the case at bar there was only one written jury trial waiver (See Appendix, Exhibit B, Waiver), and

it did not contain a docket number, therefore it is clear that the plea was want for a written waiver of one of the complaints, but is unknown which complaint the waiver may have related to. Commonwealth v. Hesser, 1 Mass. 850 (1973), Commonwealth v. Pavao 39 Mass. App. Ct. 490 (1995).

In Commonwealth v. Holloway, Mass. Appeals Court Slip Opinion (96-P-1429) (1998), the Court stated the following: "In addition, we note that the purpose of a supervisory rule is to aid in 'sound judicial administration.' Commonwealth v. Pavao, 423 Mass. 798, 800 (1996). Thus, the intent of such rules is to foreclose the need for a post hoc case-by-case analysis of whether, absent compliance with the rule, what transpired will suffice. Id. at 802 (purpose of supervisory rule requiring colloquy prior to jury trial waiver is to establish bright line rule to preclude post hoc inquiry into whether defendant's waiver of a jury trial was knowing and voluntary)."

Therefore, absent a valid written waiver, the pleas should be withdrawn. Crim.Proc, Rule 12, Commonwealth v. Osborne, 62 Mass. App. Ct. 445 (Mass.App.Ct. 2004), Commonwealth v. Colon, 439 Mass. 519 (2003), Commonwealth v. Quinnones, 414 Mass. 423 (1993), Commonwealth v. Hessen, 1 Mass. 850 (1973), et. al.

**(2) The defendant received ineffective assistance of counsel in that (i) counsel failed to adequately investigate and address the defendant's mental illnesses, and he failed to adequately address the competency issues either by requesting funds to have his competency evaluated or otherwise, and (ii) the defendant was insufficiently advised by trial counsel of the nature of the charges he was pleading to, including the fact that he was resolving two complaints, not just one, as well as his jury trial rights.**

It is clear that a defendant's decision whether to plead guilty or to proceed to trial is a critical stage in a criminal proceeding for which he is constitutionally entitled to effective assistance of counsel. Moran v. Burbine, 475 U.S. 412, 431 (1986), Commonwealth v. Soffen, 377 Mass. 433, 436 (1979), Commonwealth v. Correa, 43 Mass.App.Ct. 714, 716 (1997), Commonwealth v. Zinser (SJC-09516) (2006), Commonwealth v. Decologero, 49 Mass.App.Ct. 93, 97, 726 N.E.2d 444 (2000), Commonwealth v. Chetwynde, 31 Mass.App.Ct. 8 (1991).

A "defendant [who] enters his plea upon advice of counsel [entitled to] advice ... 'within the range of competence demanded of attorneys in criminal cases'" Hill v. Lockhart, 474 U.S. 52, 56 (1985), quoting McMann v. Richardson, 397 U.S. 759, 771 (1970).

Where the issue is whether the plea was knowing and intelligent (which is one of the constitutional requirements for a valid plea) the same principles of ineffective assistance apply. See Commonwealth v. Decologero, 49 Mass.App.Ct. 93, 97, 726 N.E.2d 444 (2000). See Commonwealth v. Chetwynde, 31 Mass.App.Ct. 8 (1991). In guilty plea context, "whether the behavior of counsel has 'likely deprived the defendant of an otherwise substantial ground of defence' means whether the defendant would not have confessed or pleaded guilty but for the advice", Commonwealth v. Moreau, 30 Mass. App. Ct. 677, 682, 572 N.E.2d 1382 (1991).

A defendant seeking a new trial based on a claim of ineffective assistance of counsel bears the burden to establish both prongs of the test articulated in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974):

> "(i) 'whether there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer'; and (ii) 'whether [such ineffectiveness] has likely deprived the defendant of an otherwise available, substantial ground of defence. Where a defendant enters a plea of guilty on the advice of counsel, the voluntariness of the plea requires that the advice of counsel be "within the range of competence demanded of attorneys in criminal cases." Commonwealth v. Chetwynde, 31 Mass.App.Ct. 8 (1991), quoting from Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Cf. Commonwealth v. Pike, 53 Mass.App.Ct. 757 (2002).

In the instant case, the defendant raises the issue of ineffective assistance of counsel, in that he did not receive adequate information and advice and preparation from his attorney in order to be able to knowingly, voluntarily and intelligently enter an admission or plea.

Specifically, defense counsel failed to sufficiently investigate and present the mental illness issues, to address competency issues and to seek an evaluation of the defendant for competency issues. The defendant also alleges that counsel failed to adequately advise him as to the true nature of the plea agreement he was assenting to, including the fact that he was resolving two separate complaints, as well as the major trial rights that he was relinquishing, Commonwealth v. Berrios, 64 Mass. App. Ct. 541 (2005).Commonwealth v. Cutts, 444 Mass. 821 (2005), Commonwealth v. Comita, 441 Mass. 86, 90 (2004), Commonwealth v. Pike, 53 Mass.App.Ct. 757 (2002), Commonwealth v. Chetwynde, 31 Mass.App.Ct. 8 (1991)

(2)(i)  The question is not whether he was in-fact incompetent but whether there was a significant issue of competency or mental illness that should have been addressed either by an evaluation or otherwise:

> "Here, the question is not whether the defendant was deprived of an otherwise available defense in the context of a trial but rather whether the defendant's ability to make an intelligent and knowing decision to plead was affected by not having the benefit of a decision on a viable motion to suppress. Because of defense counsel's failure to press the motion, the defendant was unable to assess intelligently the strength of the case against him, as he would have been if the motion had been decided."

Commonwealth v. Berrios discussing, Commonwealth v. Comita, 441 Mass. 86, 90, 803 N.E.2d 700 (2004), and cases cited.

The same is true of the case at bar. The question is not whether any Motion to for Funds or for a Competency Evaluation would have succeeded, and the question is not whether the defendant had viable mental impairment defenses, the question is whether the defendant would have chosen not to proceed by plea on that particular day had he been fully informed that he was pleading to two cases, that his mental illnesses affected the cases, that the Government bore the burden of proof, and that there were other ways to proceed.

In Berrios, the Court noted that "[I]ssues relating to the ineffectiveness of counsel...are relevant to the question of whether the defendant pleaded guilty

**knowingly and intelligently**. We conclude that the inadequate performance of counsel required the defendant to make a choice whether or not to plead guilty that was **not** based on an informed view of the evidence against him, and that, therefore, the defendant's plea was not knowing or intelligent."
Commonwealth v. Berrios, 64 Mass. App. Ct. 541 (2005), Commonwealth v. Colantoni, 396 Mass. 672, 679 (1986), Commonwealth v. Fernandez, 390 Mass. 714, 719 (1984), Commonwealth v. Decologero, 49 Mass.App.Ct. 93, 97 (2000), Commonwealth v. Chetwynde, 31 Mass.App.Ct. 8 (1991). Commonwealth v. Soffen, 377 Mass. 433, 436 (1979), Commonwealth v. Berrios, 64 Mass.App.Ct. 541 (2005) (Where defense counsel failed to investigate and pursue 'viable motion to suppress)and Commonwealth v. Zinser, (SJC-09516) (2006).

(2)(ii)  "A defendant's plea is not entered into 'freely and understandingly' unless he comprehends the nature of the crime to which he is pleading guilty."
Commonwealth v. Nikas, 431 Mass. 453, 456-457, 727 N.E.2d 1166 (2000).

The failure of plea counsel to adequately advise the defendant that he was receiving a guilty finding in two separate cases, to advise him of his jury trial rights, nor to present the significance of his mental illnesses to the court, nor pursue a motion to suppress evidence obtained from a warrantless search and arrest, amounted to deficient representation which lawyers of ordinary training and skill in the criminal law would not consider competent. Commonwealth v. Adams, 374 Mass. 722, 728 (1978), Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974).

> "I was unaware of any mental health issues with Mr.
> Mercado until speaking with Mr. Rappaport years later ...
> the best result seemed to be to convince the Court to treat
> the matters as one incident ...I managed to convince the
> Court that this was the appropriate result... [I]t is obvious
> from the concurrent disposition that the Court intended to
> punish these matters as one act and one mistake."
> (See attached Affidavit of Thomas Wirtanen)

This quote from plea counsel indicates that he did not believe that they were resolving two cases, therefore he advised his client that he was resolving the cases as one. This is in conflict with the fact that two guilty findings entered against the defendant. Therefore, either counsel was deficient or there was error in entering two guilty findings against the defendant.

"To aid the defendant in reaching a decision, defense counsel, after appropriate investigation, should advise the defendant to the alternatives available and address considerations deemed important by defense counsel or the defendant in reaching a decision. Defense counsel should not recommend to a defendant acceptance of a plea unless appropriate investigation and study of the case has been completed" (See Appendix, Exhibit C, ABA Standard14-3.2.(b) "Responsibilities of defense counsel") Given these circumstances, it is clear that ineffective assistance of counsel prevented the defendant from knowingly and intelligently entering a plea and waiving his trial rights in the two aforementioned cases.

**(4) The charges in the complaints lodged by the Commonwealth are "fatally flawed" under the United States Supreme Court ruling of Apprendi v. New Jersey, 530 U.S. 466, 488-492 (2000) in conjunction with Blakely v. Washington, 542 U.S. 296 (2004), 111 Wash. App. 851 (2004), because neither the amount nor the quantity of the drugs were specifically outlined by the Commonwealth.**

The Commonwealth must make a specific offer of proof at a plea hearing in order to sufficient support a conviction, including specific evidence of intent or facts which would allow for an inference at to intent. In these cases the Commonwealth would be required to make a proffer as to the specific amount of drugs and their nexus with the defendant. North Carolina v. Alford 400 U.S. 25 (1970), Apprendi v. New Jersey, 530 U.S. 466, 488-492 (2000), Blakely v. Washington, 542 U.S. 296 (2004), 111 Wash. App. 851 (2004).

"[T]he judge must interrogate the defendant on the record to ascertain whether the plea and its concomitant waiver of rights are knowing, voluntary, and intelligent. He must also determine if the defendant's admission, or his admission **supplemented by the State's offer of proof**, demonstrates a '**strong factual basis**' for the plea." North Carolina v. Alford 400 U.S. 25 (1970).

For the Commonwealth's proffer to be sufficient they must establish intent to possess and distribute, through a series of actual acts of distribution, not simply facts establishing personal use. Commonwealth v. Ford, 424 Mass. 709 (1997).

The aforementioned Apprendi case reinforces and expands to requirements of the Commonwealth's proffers and requires "any fact or element of the offense charged must be specifically outlined in either the indictment or the formal charges..." Apprendi v. New Jersey, 530 U.S. 466, 488-492 (2000). In the case at bar, the evidence indicates that the defendant was not explained the elements and they were not reviewed with him. The only written document of the plea on record is the un-enumerated waiver of jury trial form. Unlike the tender of plea forms now routinely used by the courts in plea hearings, this waiver of jury trial form does not include any information about whether the defendant was explained the elements of the offense. Therefore, in light of the concerns raised by the defendant, the plea record is insufficient and it would be manifestly unjust if the defendant is not allowed to withdraw his plea.

### Right to a Hearing

If the Court is not inclined to grant the defendant's motion on the pleadings alone, then the defendant respectfully requests that the court grant the defendant a hearing. The evidence supplied by the defendant is sufficient to implicate constitutional rights, which require the Court to grant an evidentiary hearing on defendant's new trial motion.

A defendant is entitled to a new trial "if it appears that justice may not have been done." Mass.R.CrimP. 30(b). While a motion for new trial may be decided on affidavits alone, when the motion raises a substantial issue, "the better practice is to conduct an evidentiary hearing." Mass.R.CrimP. 30, Reporters' Notes, Mass. Ann. Laws, Rules of Crim. Procedure, at 392 (2002), citing Blackledge v. Allison, 431 U.S. 63, 74-76 (1977); Commonwealth v. Stewart, 383 Mass. 253, 259 (1981). Whether or not a motion raises a substantial issue involves a two-pronged test which considers "the seriousness of the issue itself and the adequacy of the showing that has been made with respect to that issue." Commonwealth v. Goodreau, 442

Mass. 341, 348 (2004). Thereafter, a judge should weigh "whether holding a hearing will add anything to the information that has been presented in the motion and affidavits." Id. citing Commonwealth v. DeVincent, 421 Mass. 64, 68 (1995).

The issues raised in the new trial motion are serious and clearly present substantial issues. The same issues defendant raised have been the basis for evidentiary hearings before: ineffective assistance of counsel, Commonwealth v. Licata, 412 Mass. 654 (1992), failure to obtain an independent medical examination, Commonwealth v. Britto, 433 Mass. 596 (2001), counsel's conflict of interest, Commonwealth v. Croken, 48 Mass.App.Ct 32 (1999),and newly discovered evidence Commonwealth v. DeLong, 60 Mass.App.Ct 122 (2003). These issues of constitutional significance are, without a doubt, serious enough to meet the first prong in obtaining an evidentiary hearing. Goodreau, 422 Mass. at 348.

Furthermore, the defendant's submissions in support of a motion for a new trial need not prove the factual premise alleged. Commonwealth v. Brito, 433 Mass. 596 (2001), Commonwealth v. Goodreau, 442 Mass. 341 (2004).

In Goodreau, supra, the Court stated the following:

> "Whether a substantial issue has been raised such that an evidentiary hearing is then required depends, on the one hand, on the seriousness of the issue and, on the other, on the adequacy of the defendant's showing. See Commonwealth v. Stewart, 383 Mass. 253, 257-258 (1981); Commonwealth v. Britto, 433 Mass. 596, 608 (2001)... To be adequate in this regard, the motion and affidavits must contain credible information of sufficient quality, see Commonwealth v. Meggs, 30 Mass. App. Ct. 111, 115 (1991), to "raise[] a serious question," Commonwealth v. Conaghan, 433 Mass. 105, 110 (2000), or "cast doubt on," Commonwealth v. Britto, supra, the question under consideration. Otherwise put, the motion and affidavits must have enough qualitative heft to them to warrant further exploration of the issues. See Commonwealth v. Lopez, 426 Mass. 657, 663 (1998). An adequate showing is in the nature of a "prima facie case for relief," see Mass.R.Crim.P. 30(c)(4), 378 Mass. 901 (1979), yet the papers, standing alone, need not prove the issue. See Commonwealth v. Licata, 412 Mass. at 662." Goodreau at 348.

The defendant is entitled to an evidentiary hearing given the issues raised by the defendant's Motions and Affidavits and the significant constitutional issues raised by the Motion:

> While ordinarily we defer to the discretion of a trial judge on whether a motion for a new trial requires an evidentiary hearing, see *Fogarty v. Commonwealth*, 406 Mass. 103, 107, 110-111... the allegations in the defendant's affidavit, if true, raise serious issues as to the adequacy of the appointed trial counsel's interest in preparing and conducting the defense. Thus, in these unusual circumstances, we believe that it would be in the interests of justice that the defendant's substantial showing on an issue of constitutional importance (the effective assistance of counsel) be heard. See *Commonwealth v. Stewart*, 383 Mass 253, 257-258 ...(1981) (interpreting rule 30[c][3]). See also *Commonwealth v. Meggs*, 30 Mass.App.Ct. 111, 114... (1991) (substantial issues raised by motion and affidavits requires evidentiary hearing).

Commonwealth v. Licatta, 412 Mass. 654, 660-661 (1992).

For all of these aforementioned reasons, the Court should either allow defendant's motion or the defendant should be granted a hearing on the motion.

WHEREFORE, the defendant prays that this Honorable Court order that he be afforded a new trial or the complaints be merged.

The forgoing is sworn to be true to the best of my knowledge information and belief:

ELVING MERCADO
By his Attorney,

Daniel J. Murphy
79 Merrimack Street, Suite 300
Lowell, Massachusetts 01852
BBO# 630726
(978) 970-0434

Dated: October 11, 2006

## CERTIFICATE OF SERVICE

I, Daniel J. Murphy, hereby certify that the above Motion/ Affidavit / Memo was served this date upon the office of the District Attorney in Lowell, County of Middlesex, and Commonwealth of Massachusetts, by mailing a copy of same, postage prepaid to: 151 Warren Street Lowell, MA 01852.

Dated: October 11, 2006

Daniel J. Murphy

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

**DISTRICT COURT DEPARTMENT**
**LOWELL DIVISION**
No.:    94 11 CR 2750 &
94 11 CR 2855

## COMMONWEALTH

v.

## ELVING MERCADO

## AFFIDAVIT OF ELVING MERCADO

I, Elving Mercado, defendant in the above-referenced matters, hereby depose and aver as follows

1. My name is Elving Mercado, the defendant in the above-entitled cases;

2. On May 24, 1994, I appeared in the Lowell District Court and pled guilty to several drug charges in relation to the above complaints, that resulted in a commitment to the house of correction for a term of two and a half (2 ½ ) years;

3. In 2002, I was charged in Federal Court with possession of 10 ¼ grams of heroin and in 2003 The United States Attorney filed an 'Information' pursuant to 21 USC § 851 to treat the me as a 'career criminal'. This career criminal charge was predicated upon the above-entitled Lowell charges, and it has resulted in an enhanced sentence of an additional 12 ½ years in federal prison. Therefore, I am now facing a release date in the year 2018, in 12 years;

4. At the time of my pleas in the above-entitled Lowell matters, I was seventeen (17) years old, and I had been treating for over eleven (11) years for mental illnesses including depression, oppositional disorder, conduct disorder, anxiety, and learning disorders;

5. I was originally referred to the Greater Lawrence Mental Health Center, Inc. (hereinafter "GLMHC") in 1983, while in the first grade at the Wetherbee School for Outpatient Treatment: I was also referred to GLMHC by the Lawrence Special Education Office in 1986, 1989, and again in 1993;

6. My parents divorced when I was three years old and this contributed to the depression and anger that I would experience throughout my childhood: I recall being depressed, angry and confused throughout my childhood;

7. In 1989 I was extremely depressed, I had been fantasizing of suicide, and after a failed suicide attempt where Police prevented me from jumping from a cliff outside

the Frost School in Lawrence, I was committed to a psychiatric unit at a hospital in Waltham, Massachusetts, for two full months;

8. In 1993 I was referred to GLMHC one final time, and in May of 1993 I entered into a one year treatment plan with Therapist Kevin Floyd, in an effort to address my oppositional behavior diagnosis, along with self esteem, anger, and anxiety issues, and I was scheduled to review that treatment plan the same month that I was sentenced on these charges;

9. After several sessions my therapist left the program and I discontinued my therapy and treatment, several months prior to the pleas in these cases;

10. At the time of my pleas in the above cases I was heavily addicted to heroin, and I was personally using an approximate average of 20 small bags of heroin per day. I had been abusing heroin daily for approximately 2 years in 1994;

11. In 1994 my heroin and alcohol abuse grew out of control to the point where I had great difficulty making reasoned decisions, especially in stressful situations;

12. In 1994, when I was arrested on two separate drug cases within three days of each other and brought to Lowell Court, I was not thinking clearly, and I was just desperate to get back onto the street to obtain drugs and alcohol;

13. I have no memory of discussing my constitutional rights, any possible defenses, nor the facts that the Commonwealth would have had to prove beyond a reasonable doubt, with the lawyer who represented me at the plea hearings, Thomas A. Wirtanen. I believe that Mr. Wirtanen never discussed with me my right to a first instance jury trial or what rights I would have at such a trial;

14. I have no memory of Mr. Wirtanen asking me about having any mental illnesses, nor that mental illness could be relevant to my plea hearing, and I believe that I surely would have informed him of my extensive mental illness history had he brought that to my attention;

15. I was originally arrested on the first case on April 13th 1994, complaint No. 94 11 CR 2750, and arraigned the same day and released.

16. Then three days later, April 16, 2006, I was arrested on the second case, complaint No. 94 11 CR 2855 and I was arraigned on April 19, 2006, at which time I was held without bail pursuant to G.L. c. 276 § 58;.

17. I was then held without bail until my next court date of May 11, 2006, a status date. I pled guilty at Trial on May 24, 1994, thirty five (35) days after my arraignment on the second charge, after minimal opportunity to discuss matters with my Attorney, Thomas Wirtanen.

18. My only opportunities to discuss my rights and options with my attorney were for brief minutes of conversation while in lock-up in Lowell Court on April 19, briefly on May 11 and again briefly on May 24, 1994. My attorney never came to the jail where I was held to discuss trial and plea issues with me and I never saw any police reports in these matters until years later, in 2002;

19. I am even more confident that Mr. Wirtanen did not discuss these rights with me given the specific memories that I have upon my placement in the Billerica House of Correction - the same day as the pleas entered against me:

20. On the date of my pleas in the above cases, May 24, 1994, I was under the belief that I had only pled to one complaint;

21. I specifically recall discussing my cases with a fellow inmate at the Billerica House of Corrections. I recall him to be an older white male in his 40s who seemed to know a good amount of information about the law: this inmate took a look at my court papers and corrected my understanding of what had happened.

22. At the house of correction that day, May 24, 1994, I remember thinking that I had to go back to court to deal with one more charge, but, to my surprise, the other inmate informed me that I had pled guilty to two separate cases that day. I told him: "No, my attorney didn't say anything about the second case", but the inmate replied that there were "two docket numbers" that had been resolved that day;

23. If I had known the entirety of my options, or if I knew that I could face the possibility of a 12 year sentencing enhancement based upon these pleas, I would not have pled guilty but would have explored ways to defend the cases, including Motions to Suppress, or the defense of personal use;

24. At the time of my incarceration in Federal Prison I had already begun to finally mature and rehabilitate myself in a positive direction. At that time I had broken away from my past criminal activities and developed my self esteem, in part due to the success I had experienced in helping my family develop a business franchise, CleanNet USA;

25. I am seeing the events of my Childhood and the time period of my plea (1994) more clearly now than I did then at the time because my mind has healed and developed during my incarceration and rehabilitation;

26. Since my incarceration four (4) years ago I have healed and grown in a positive directions that allows me to see all things more clearly, including the events surrounding my pleas: Through classes I have addressed my mental health issues, my anger issues, I have obtained both my 'GED' and a diploma for Small Business Management from the Professional Career Institute, I visit with my eight (8) year old daughter weekly and I have healed my mind in general. These strides have helped see things more clearly, as opposed to 1994, my mind was not capable of processing difficult issues or decisions in a meaningful manner.

Date: 7/13/2006

_Elving Mercado_
Elving Mercado

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss**

**DISTRICT COURT DEPARTMENT
LOWELL DIVISION
No.:  94 11 CR 2750 &
94 11 CR 2855**

## COMMONWEALTH

v.

## ELVING MERCADO

## AFFIDAVIT OF DANIEL J. MURPHY

I, Daniel J. Murphy, attorney for the defendant in the above-referenced matters, hereby depose and aver as follows:

1. My name is Daniel J. Murphy, successor attorney for the defendant in the above-entitled cases;

2. I am counsel for the defendant, Elving Mercado, in the above-entitled matters;

3. I believe that the defendant raises viable claims that the Court should vacate his guilty pleas;

4. On May 24, 1994, guilty pleas entered in the above-entitled cases, involving possession and distribution of a class A substance, that resulted in a commitment to the house of correction for a term of two and a half (2 ½ ) years;

5. In 2002, the defendant was charged in Federal Court with possession of 10 ¼ grams of heroin and in 2003 The United States Attorney filed an 'Information' pursuant to 21 USC § 851 to treat the me as a 'career criminal'. This career criminal charge was predicated upon the above-entitled Lowell charges, and it has resulted in an enhanced sentence of an additional 12 ½  years in federal prison. This results in the defendant now facing a release date in the year 2018, in 12 years;

6. Newly provided medical records now indicate that at the time of the pleas, the defendant had been treating for over eleven (11) years for mental illnesses including depression, oppositional disorder, conduct disorder, anxiety, and learning disorders, which were not brought to the attention of the Court;

7. The defendant was originally referred to the Greater Lawrence Mental Health Center, Inc. (hereinafter "GLMHC") in 1983, while in the first grade at the Wetherbee School for Outpatient Treatment: I was also referred to GLMHC by the Lawrence Special Education Office in 1986, 1989, and again in 1993;

8. In 1989 the defendant attempted suicide and police responded and prevented him from jumping from a cliff outside the Frost School in Lawrence: Thereafter, the defendant was committed to a psychiatric unit at a hospital in Waltham, Massachusetts, for two full months;

9. The defendant was originally arrested on the first case on April 13th 1994, complaint No. 94 11 CR 2750, and arraigned the same day and released.

10. Then three days later, April 16, 2006, I was arrested on the second case, complaint No. 94 11 CR 2855 and I was arraigned on April 19, 2006, at which time he was held without bail pursuant to G.L. c. 276 § 58;.

11. The defendant has submitted an affidavit indicating a specific memory of discussing his cases with a fellow inmate at the Billerica House of Corrections. He reports him to be an older white male in his 40s who seemed to know a good amount of information about the law: this inmate took a look at his court papers and surprisingly informed him that he had pled guilty to two separate cases that day. Whereas the defendant was of the understanding that he had only resolved one case;

12. Neither the Docket Sheets, nor the docket of either case contain any evidence that the defendant was advised of his jury trial rights, there was no "Tender of Plea or Admission / Waiver of rights" form in either case.

13. Based on all of the foregoing, including the absence of any record indicating that the defendant received the required advisements as to the waiver of his constitutional rights, it should be inferred that the defendant's guilty pleas in the above-referenced cases were not intelligently or voluntarily made.

Date:    9. 27. 06

Daniel J. Murphy