Case 1:04-cv-11653-PBS   Document 41-2   Filed 01/19/2007   Page 1 of 12
06/04/2003 14:22   9789379422        LAW OFFICES                    PAGE 02
Case 1:04-cv-11653-PBS   Document 24   Filed 12/07/2005   Page 61 of 79



U.S. Department of Justice
*United States Attorney*
*District of Massachusetts*

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

April 7, 2003

BY FACSIMILE AND MAIL

Steven J. Rappaport, Esquire
Rappaport, Freeman & Pinta
171 Milk Street, Suite 400
Boston, MA 02109

FILED
In Open Court
USDC, Mass.
Date 4-14-03
By
Deputy Clerk

  Re:  United States v. Elvin Mercado
       Criminal No. 02-CR-10259 PBS

Dear Mr. Rappaport:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Elvin Mercado ("Defendant"), in the above-captioned case. The Agreement is as follows:

  1.  Change of Plea

At the earliest practicable date but in no event later than April 18, 2003, Defendant shall plead guilty to the following counts of the above-captioned Indictment: Count 1 (insofar as it alleges that Defendant conspired with others to distribute heroin), and will admit that the overall conspiracy involved at least 100 grams of heroin; and Counts 2-3, 5-10, and 12 (distribution of heroin). Defendant expressly and unequivocally admits that he in fact knowingly, intentionally, and willfully committed the crimes charged in Counts 1-3, 5-10, and 12 of the Indictment, and is in fact guilty of those offenses, but maintains that less than 100 grams of heroin are attributable to him for purposes of calculating his sentencing guidelines range. The government agrees to dismiss Counts 4 and 11 at the time of sentencing.

DOCKETE
42

Case 1:04-cv-11653-PBS   Document 41-2   Filed 01/19/2007   Page 2 of 12
06/04/2003  14:22  9789379422                    LAW OFFICES                        PAGE  03
Case 1:04-cv-1165▓▓▓S   Document 24   Filed 12/0▓▓▓05   Page 62 of 79

2. <u>Penalties</u>

Defendant faces the following minimum mandatory and maximum penalties on Count One of the Indictment (if the Court finds that at least 100 grams of heroin are attributable to Defendant under the sentencing guidelines): a maximum term of imprisonment of life with a 10-year mandatory minimum sentence, a fine of up to $4,000,000, at least an 8-year term of supervised release and a maximum of life, and a $100 Special Assessment. Defendant faces the following potential maximum penalties on Count One of the Indictment (if the Court finds that less than 100 grams of heroin are attributable to Defendant under the sentencing guidelines): a maximum term of imprisonment of 30 years, a fine of up to $2,000,000, at least a 6-year term of supervised release and a maximum of life, and a $100 Special Assessment.

Defendant faces the following maximum penalties on each of Counts Two, Three, Five, Six, Seven, Eight, Nine, Ten, and Twelve of the Indictment: a maximum term of imprisonment of 30 years, a fine of up to $2,000,000, at least a 6-year term of supervised release and a maximum of life, and a $100 Special Assessment.

Defendant also faces forfeiture to the extent charged in the Indictment.

3. <u>Sentencing Guidelines</u>

The parties will take the following positions at sentencing under the United States Sentencing Guidelines ("U.S.S.G."):

(A) <u>Base Offense Level</u>

The parties agree to take the position that Defendant has two prior felony convictions of either a crime of violence or a controlled substance offense and therefore qualifies as a career offender. Based on information currently known to the U.S. Attorney, the U.S. Attorney will take the position that Defendant is responsible for at least 100 grams of heroin. The defendant will take the position that less than 100 grams of heroin are attributable to him. If the Court finds that at least 100 grams of heroin are attributable to Defendant, the parties agree to take the position that Defendant's Base Offense Level is 34, pursuant to U.S.S.G. § 4B1.1, and that Defendant's criminal history category is therefore Category VI. If the Court finds that less than 100 grams of heroin are attributable to Defendant, the parties agree to take the position that Defendant's Base

2

Case 1:04-cv-11653-PBS   Document 41-2   Filed 01/19/2007   Page 3 of 12
06/04/2003 14:22  9789379422           LAW OFFICES                PAGE
Case 1:04-cv-11653-PBS   Document 24   Filed 12/07/2005   Page 63 of 79



Offense Level is 32, pursuant to U.S.S.G. § 4B1.1, and that Defendant's criminal history category is therefore Category VI. The defendant waives any claim he has under <u>Apprendi v. New Jersey</u> and U.S.S.G. § 2D1.1 to have that determination made by the jury at trial pursuant to a superseding indictment.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that existed as of February 17, 2003. Defendant acknowledges and agrees that this subparagraph is a material provision of this agreement and that any breach of it will entitle the U.S. Attorney to exercise any and all remedies available to him including the remedies set forth in paragraph 15, below.

(B) <u>Acceptance of Responsibility</u>

Based on Defendant's acceptance of personal responsibility for the offenses of conviction in this case and willingness to provide complete information regarding his own involvement in the offenses, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees that Defendant's Adjusted Offense Level should be reduced by three levels under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a) Fails to admit a complete factual basis for the plea;

    (b) Fails to truthfully admit his conduct in the offenses of conviction;

    (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d) Fails to provide truthful information about his financial status;

    (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under

Case 1:04-cv-11653-PBS   Document 41-2   Filed 01/19/2007   Page 4 of 12
06/04/2003  14:22   9789379422                LAW OFFICES                           PAGE  05
Case 1:04-cv-11653-PBS   Document 24   Filed 12/0?/2005   Page 64 of 79

U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Commits a crime; and/or,

(h) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

Absent the filing of a motion pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), the U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) Subject to any applicable mandatory minimum sentence, incarceration within the applicable guideline range;

(b) A fine within the statutory range unless the Court finds pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) A mandatory special assessment of $1,000; and

(d) A period of supervised release of at least 6 years.

4

Case 1:04-cv-11653-PBS   Document 41-2   Filed 01/19/2007   Page 5 of 12
05/04/2003 14:22  9789379422          LAW OFFICES                    PAGE 06
Case 1:04-cv-1165█████  Document 24   Filed 12/0████  Page 65 of 79

The U.S. Attorney and Defendant agree that, absent the filing of a motion pursuant to U.S.S.G. § 5K1.1, there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure from the Sentencing Guidelines on any ground. The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated subsequent to the execution of this Agreement.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

    (1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and,

    (2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard

5

Case 1:04-cv-11653-PBS   Document 41-2   Filed 01/19/2007   Page 6 of 12
06/04/2003  14:22  9789379422           LAW OFFICES                    PAGE  07
         Case 1:04-cv-11653-PBS   Document 24   Filed 12/02/2005   Page 66 of 79

to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines or application of minimum mandatory sentences.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7. Cooperation

   a. Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's

6

Case 1:04-cv-11653-PBS   Document 41-2   Filed 01/19/2007   Page 7 of 12
06/04/2003  14:22   9789379422                LAW OFFICES                            PAGE  08
Case 1:04-cv-11653-PBS   Document 24   Filed 12/07/2005   Page 67 of 79

cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

      b.   Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1, and if the U.S. Attorney determines it to be appropriate, 18 U.S.C. § 3553(e) so that the sentencing court may impose a sentence below that which otherwise would be required under the Sentencing Guidelines and the relevant statutes. The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 7(a) above, or engages in any criminal conduct after the date he signs this Agreement. The U.S. Attorney reserves the right, in his sole discretion, to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.C. § 3553(e). Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, if the U.S. Attorney determines to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.S.G. § 3553(e), or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

      c.   Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 7(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant. The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, reserves the right to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.C. § 3553(e) or to make no recommendation at Defendant's sentencing.

Case 1:04-cv-11653-PBS   Document 41-2   Filed 01/19/2007   Page 8 of 12
06/04/2003  14:22   9789379422                    LAW OFFICES                    PAGE  09
Case 1:04-cv-11653-PBS   Document 24   Filed 12/07/2005   Page 68 of 79

d.  Letter Immunity

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated January 23, 2003 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence.  The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case.  All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto.  Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

8.  Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge.  Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).  Defendant may not withdraw his plea of guilty regardless of what sentence is

8

Case 1:04-cv-11653-PBS   Document 41-2   Filed 01/19/2007   Page 9 of 12
06/04/2003  14:22   9789379422                    LAW OFFICES                       PAGE   10
          Case 1:04-cv-116  S   Document 24   Filed 12/    05   Page 69 of 79

imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

11. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S.

Case 1:04-cv-11653-PBS   Document 41-2   Filed 01/19/2007   Page 10 of 12
06/04/2003  14:22  9789379422          LAW OFFICES                 PAGE  11
Case 1:04-cv-116██-S   Document 24   Filed 12/██/█5   Page 70 of 79

Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated January 23, 2003, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14.  Complete Agreement

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated January 23, 2003. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated January 23, 2003. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Peter Levitt.

                  Very truly yours,

                  MICHAEL J. SULLIVAN
                  United States Attorney

By: *[signature]*
     JAMES B. FARMER
     Assistant U.S. Attorney
     Chief,
     Criminal Division

     STEPHEN P. HEYMANN
     Assistant U.S. Attorney
     Deputy Chief,
     Criminal Division

     JOHN A. WORTMANN, JR.
     PETER K. LEVITT
     Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*Elving Mercado*
ELVIN MERCADO
Defendant

Date: 4/14/03

I certify that ELVIN MERCADO has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*[signature]*
STEVEN RAPPAPORT, Esquire
Attorney for Defendant

Date: 4/14/03

12