```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| ELVIN MERCADO, | ) |
| Petitioner, | ) |
|  | ) |
| v. | ) CIVIL ACTION NO. 04-11653-PBS |
|  | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

February 12, 2007

Saris, U.S.D.J.

    On December 12, 2006, petitioner Elvin Mercado, convicted of drug trafficking, filed a second amended motion under 28 U.S.C. § 2255 to vacate his conviction and sentence on the ground, among others, that the Lowell District Court had granted his motion to vacate two state court convictions relied on to sentence petitioner as a career offender. Mercado had been sentenced to a term of imprisonment of 188 months. Without career offender status, Mercado's advisory sentencing guideline range had a high end of 30 months. To date, he has served about 50 months.

    The government opposes the motion, relying on the following provision in Mercado's plea agreement:

> In consideration of the concessions made by the U.S. Attorney in the agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal convictions that existed as of February 17, 2003. Defendant acknowledges and agrees that this subparagraph is a material provision of this agreement and that breach of it will entitle the U.S. Attorney to exercise any and all remedies available to him . . . .

(Plea Agreement, ¶ 3(A) (April 7, 2003).)  The government also points out that Mercado knowingly and voluntarily waived his right to appeal or collaterally challenge the sentence if the court adopts "at sentencing any of the positions" outlined in the agreement, which will be advocated by the government.  Id. ¶ 6. In paragraph 3 of the plea agreement, the "parties agree to take the position that Defendant has two prior felony convictions of either a crime of violence or a controlled substance offense and therefore qualifies as a career offender."  Id. ¶ 3(A).

Petitioner's counsel responds that the "waiver" has no effect, as the Court failed to "address the defendant personally in open court" during his plea colloquy, as required by Fed. R. Crim. P. 11(b)(1)(N).  During the plea colloquy, Mercado stated he had reviewed the indictment and plea agreement with his attorney and the court informed him that he could appeal if the court did not adopt the positions set forth in the plea agreement.  (Tr. 16).  However, the court never expressly discussed with the petitioner the provision in which he waived the right to collaterally challenge the sentence the court imposed or his state-court convictions.

In an affidavit attached to the initial petition (Docket No. 24-1), Mercado stated that after the plea colloquy his counsel mailed him a copy of the plea agreement.  On the first day of the sentencing hearing, petitioner, who claims his attorney told him

that he would only be facing five years, expressed to his lawyer certain concerns that the sentence could be higher, adding

> I also expressed my concern that, according to the plea agreement, I had agreed to waive my right to appeal or attack my sentence collaterally. I told counsel that I did not want to waive my right to appeal or to attack my sentence collaterally. He brushed aside my concerns and again told me not to worry.

(Aff. ¶10).  Mercado never flagged these concerns to the court at the sentencing hearing.

The plea agreement is an 11 page single-spaced document. The waiver of the right to collaterally challenge state court sentences is embedded in paragraph 3 under the underlined heading "Base Offense Level".  In contrast, the other waivers are in a separate paragraph with an underlined heading "Waiver of Rights to Appeal and to Bring Collateral Challenge".  The plea agreement is dated April 14, 2003, the date of the colloquy.  While petitioner did not graduate high school, he said that he could read, that he had read the plea agreement, and that he had discussed it with his counsel.

Both sides agree that the key case in this circuit is <u>United States v. Teeter</u>, 257 F.3d 14, 24 (1st Cir. 2001), which addresses whether a defendant has knowingly and voluntarily agreed to a plea agreement's waiver provision.  The <u>Teeter</u> test is tripartite.  First, a court must ensure that a plea agreement contained a "clear statement elucidating the waiver and delineating its scope."  <u>Id.</u>  Second, a court must examine the

3

transcript to ascertain whether it inquired specifically as to the waiver.  The court must determine whether it is clear that the defendant understood "the full significance of the waiver."  Id.; see also United States v. Bushert, 997 F.2d 1343, 1351-52 (11th Cir. 1993) (in most circumstances, court must "canvass the defendant in a manner that ensures that the defendant made a voluntary decision based on an understanding of both the nature of the charges against him and the statutory and constitutional rights he is relinquishing"); United States v. Ready, 82 F.3d 551, 557 (2d Cir. 1996) (waiver of appeal rights provision should be enforced only "if the record 'clearly demonstrates' that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary" (citation omitted)).  Finally, the court should not enforce a waiver if doing so would result in a "miscarriage of justice."  Teeter, 257 F.3d at 24.

 With this test in mind, I find that the plea agreement had a clear statement elucidating the waiver of appeal rights because there was a separate paragraph with an underlined heading which petitioner reviewed with counsel, and admits he understood.  Normally, the waiver with respect to collateral rights would be clear enough for the same reason.  Here, however, the waiver of the right to collateral challenges was not clear in its scope because the waiver of the right to challenge state sentences was

in a different section under an inappropriate heading. Moreover, the court never discussed the waiver of collateral challenges with the petitioner. Because an Assistant U.S. Attorney, typically, hands the plea agreement to the court as the plea colloquy commences, or a few minutes before, it is unlikely that the court even realized there was a waiver of the right to challenge the sentences in state court, particularly given that the primary focus of the hearing was the waiver of the right to a jury trial on drug amount.

This failure to discuss the waiver of appeal rights is sometimes fatal. See United States v. Arellano-Gallegos, 387 F.3d 794, 797 (9th Cir. 2004) (waiver provision unenforceable where "sentencing judge neither addressed the defendant personally regarding the waiver nor determined that the defendant understood the meaning of the waiver"); United States v. Blackwell, 199 F.3d 623, 626 (2d Cir. 1999) (waiver of appeal rights deemed unenforceable and guilty plea vacated where court did not properly ascertain whether defendant understood the nature of his plea or the charges against him). In other circumstances, it is not reversible error because there was no prejudice. See United States v. Edgar, 348 F.3d 867, 872-73 (10th Cir. 2003) (sentencing court's failure to inform defendant of waiver of appeal rights did not invalidate waiver where the "record contain[ed] assurances that [defendant], a small business

5

owner and a high school graduate with some college education, consulted with his attorney before signing the agreement, read it, and understood it"); United States v. Wilson, 438 F.3d 672, 674 (6th Cir. 2006) (waiver of appeal rights enforceable despite court's failure to specifically discuss waiver provision with defendant because government summarized plea agreement, including waiver provision, at plea colloquy).

Here, the failure to discuss the waiver is particularly significant because petitioner was a career offender, and many defense attorneys believe effective representation of counsel in this district requires an attorney to evaluate state court convictions to determine whether they can file a good faith challenge in state court (particularly, in the state district court which appears to be receptive to such motions).  See Mateo v. United States, 398 F.3d 126, 136 (1st Cir. 2005) (permitting sentence reduction based on successful post-sentencing vacation of prior state court conviction).

In these unique factual circumstances, I find that the petitioner did not understand the full scope and significance of his waiver of the right to collaterally challenge the sentence and the state court sentences.  I add that enforcing the waiver would not be a miscarriage of justice as Mercado trafficked in a significant amount of heroin, has an extensive criminal history, and was a member of a gang.  Moreover, it is not entirely clear

why the state court invalidated the pleas to two convictions, rather than one; Defendant says he thought he was pleading to one charge.  The parties agree that if only one conviction had been invalidated, he would still be a career offender.  Moreover, the state court allowed the motion for a new trial before the government had a chance to respond and perfunctorily denied the motion for reconsideration.  Given the lack of a knowing waiver, I need not probe these "delicate" issues.  Id.

Accordingly, I **ALLOW** the habeas petition, adding that better practice suggests that all waivers be highlighted in the plea agreements and flagged for the judge in the plea colloquies.

/s/ Patti B. Saris
PATTI B. SARIS
United States District Judge